**WALLER v. GORMAN MERCANTILE CO. et al.**

(Court of Civil Appeals of Texas. El Paso. Nov. 29, 1911.)

1. CORPORATIONS (§ 467*)—POWERS—ACCOMMODATION INDORSEMENT.

A corporation has no power to make, indorse, or otherwise become liable on commercial paper for the mere accommodation of another person or corporation.

[Ed. Note.—For other cases. see Corporations, Cent. Dig. § 1831; Dec. Dig. § 467.*]

2. BILLS AND NOTES (§ 237*)—"ACCOMMODATION INDORSEMENT."

An "accommodation indorsement" is the execution of commercial paper, without consideration, to lend credit to the accommodated party.

[Ed. Note.—For other cases, see Bills and Notes. Cent. Dig. §§ 563, 564, 567–569; Dec. Dig. § 237.*

For other definitions, see Words and Phrases, vol. 1, p. 74; vol. 8, p. 7561.]

3. CORPORATIONS (§ 463*) — EXECUTION OF NOTES—CORPORATE LIABILITY.

Plaintiff, owning a controlling interest in a corporation, sold his stock to S., who paid half cash, and to cover the balance arranged to give the joint note of himself and the corporation for the balance, with the understanding that he was to put into the stock and assets of the corporation merchandise equal in value to the amount of the joint notes executed by himself and the corporation, which he did. Held, that the practical effect of such transaction was a purchase of the goods by the corporation from S., in payment for which the corporation assumed and agreed to pay certain of his obligations; and, the transaction having been assented to by all the stockholders and directors, the corporation was liable on the notes.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 463.*]

4. CORPORATIONS (§ 487*)—CONTRACTS—ULTRA VIRES ACTS—REPUDIATION.

Where a corporation received a large addition to its assets in consideration of its execution of certain notes to pay debts of S., it, having received and retained the benefits of the contract, was estopped to claim that it was ultra vires.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1894; Dec. Dig. § 487.*]

5. APPEAL AND ERROR (§ 209*)—REVIEW—QUESTIONS NOT RAISED AT TRIAL.

An objection that there was no proof of the market value of goods delivered to a corporation in consideration of its executing certain notes to secure debts of S. could not be raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1296; Dec. Dig. § 209.*]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Action by J. M. Waller against the Gorman Mercantile Company and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered as to the Gorman Mercantile Company, and affirmed as to the other defendants.

Earl Conner, for appellant. Scott & Brelsford and J. J. Butts, for appellees.

HIGGINS, J. This is a suit brought by appellant against the Gorman Mercantile Company, W. C. Sanders, and others, to recover upon two notes executed by said company and Sanders in favor of Waller, and in the sum of $2,543.80 each, with interest and attorney's fees. Upon trial judgment was rendered against Sanders and in favor of the other defendants. The case was tried before the court, the facts undisputed, and the only question involved in this appeal is the correctness of the court's action in rendering judgment for the company upon its plea that the execution of the notes was ultra vires of the corporation.

It appears that the Gorman Mercantile Company was a mercantile corporation, incorporated under the laws of the state of Texas and engaged in the business for which it was incorporated. Prior to December 2, 1909, appellant owned a controlling interest in the company, and upon that date sold his stock therein to W. C. Sanders, who paid therefor about one-half cash, and to cover the balance of the purchase price above-described notes were given. It also appears that $2,500 of the cash payment was obtained from a bank, who took therefor the joint note of Sanders and the company. At the time of this stock transfer, it was understood and agreed by all of the stockholders and directors of the company and by Waller that Sanders should put into the stock and assets of the company goods, wares, and merchandise equal in value to the amount of the three notes which had been executed by the company and himself, and in consideration of him so doing the company was to execute the notes and pay same. When the Waller notes were originally delivered to him by Sanders, the same had not been signed by the company, but they were signed by it within a few days. Thereafter, and in accordance with his agreement, Sanders did deliver to and place into the mercantile stock of the company goods, wares, and merchandise equaling or exceeding in value the amount of the three notes mentioned.

[1-3] It is contended by appellee company that it was an accommodation indorser or surety upon the notes, and the execution thereof was ultra vires of the corporation. It is unnecessary to cite authority that a corporation has no power to make, indorse, or otherwise become liable upon commercial paper for the mere accommodation of another person or corporation; but, under the facts stated, the Gorman Mercantile Company was in no sense an accommodation maker or indorser. An accommodation indorsement may be said to be the execution of commercial paper, without consideration, for the purpose of lending credit to the accommodated party. Tested by any correct definition of an accommodation maker, the Gorman Mercantile Company, under the facts, cannot be so held. The practical effect of

---

the transaction was that the company bought goods from Sanders, and in payment therefor assumed and agreed to pay certain obligations of Sanders; and, it appearing that Waller was privy to this arrangement, that the same was consented to by all of the stockholders and directors of the company, and the purchase of the goods falling within the scope of its authority, the company was legally bound to pay the notes which it had agreed to pay.

[4] For the reason assigned, we think the doctrine of ultra vires wholly inapplicable; but if it were in any sense applicable this case would fall within the rule which prohibits a corporation from receiving and retaining the benefits of an ultra vires contract and repudiating its obligations thereunder. Gaston v. J. I. Campbell Co., 130 S. W. 222; Modern, etc., Co. v. Blanke, 116 S. W. 153; 10 Cyc. pp. 1078 and 1116. This holding does not conflict, but is wholly harmonious and in accordance, with Northside Ry. Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778; Deaton Grocery Co. v. International, etc., Co., 47 Tex. Civ. App. 267, 105 S. W. 556; Bank v. Lagrange, etc., Co., 40 S. W. 328. The principle upon which corporations are held liable under the rule stated is that of estoppel, and, under the pleadings and testimony, the rule is clearly applicable here.

[5] There is no merit in appellees' contention that the market value of the goods delivered by Sanders was not shown. The testimony clearly shows the delivery of approximately $8,000 worth of goods, based upon invoice price, plus freight. No objection or point appears to have been made in lower court as to basis of valuation, and there is nothing in the record to indicate that any question was raised in regard to the value of the goods delivered by Sanders, and the question cannot be here raised for the first time.

The judgment is affirmed as to all of the appellees, except the Gorman Mercantile Company; as to said company, the judgment of the lower court is reversed and here rendered in favor of J. M. Waller and against the Gorman Mercantile Company, a corporation, for the sum of $5,603, with interest thereon at the rate of 8 per cent. per annum from January 11, 1911, and for all costs.