W. F. ROBERTSON ET AL. v. CITY NATIONAL BANK OF BOWIE.

No. 5615. Decided March 18, 1931.
(36 S. W., 2d Series, 481.)

*Taylor, Muse & Taylor,* for appellant.

It is clear from the testimony in this case and particularly from that part of the testimony shown in appellants' bill of exception. No. 1 (Tr., pages 40 to 45 incl.) that the note sued upon was an accommodation note. The Court of Civil Appeals at Beaumont in the case of State Banking Board et al. v. James et al., 264 S. W., 145, has discussed the question of accommodation notes and accommodation matters and it is clear that the definition of the same in that case applies in the case at bar. The facts in the James case, supra, are almost identical with the facts herein. In the James case the allegations showed that James and the other plaintiffs in that case executed a certain note to the City National Bank of Galveston and received therefor certain money, which they deposited in the Shepherd State Bank for the use of such bank. The allegations further showed that such plaintiffs were directors and officers of the Shepherd State Bank and that none of such money was deposited to the credit of any of the signers of such note, but that the same was placed in the general fund of such bank to be used by it on account of the failing condition of such bank. These notes were renewed from time to time and the Shepherd State Bank received the benefit of such money.

The facts in the case at bar come within the definition as laid down in the Commonwealth case, supra. The appellants borrowed the money in question from the City National Bank of Bowie for the Guaranty State Bank of Sunset. The appellants did not receive one cent of this money. No consideration valuable in law was received by the appellants. They executed this note without expecting any present or anticipated

future profit, gain or advantage. It was agreed between them and the City National Bank of Bowie that this note would be paid from funds collected from paper that had been charged off, which paper belonged to the Guaranty State Bank of Sunset. The appellants were directors in the Guaranty State Bank of Sunset and as such were stockholders in the same, but prior to the time of the execution and delivery of the note in question they had paid in to the capital stock of said bank an assessment of 100% on the stock held by them and for such reason they were not further liable on account of the failing condition of such bank and if the bank had failed at that time or any future time, no further assessment could have been made against them and, therefore, no benefit accrued to them by the execution and delivery of the note in question.

In view of these decisions and the facts as herein alleged we submit that the note in question was an accommodation note, or that at least the evidence raised the question that it was an accommodation note and the trial court committed error in sustaining the objections made to the testimony offered by appellants, which is set out in appellants' bill of exception No. 1, and that said testimony should have been permitted to be offered in order for the jury to pass upon the question of such note being an accommodation note and pass upon the question of the understanding and agreement between the appellants and the City National Bank of Bowie, appellees herein, that the appellants would not have to pay the note in question. State Banking Board et al. v. James et al., 264 S. W., 145; Commonwealth National Bank of Dallas v. Goldstein et al., 261 S. W., 538; 8 Corpus Juris, 252, art. 398.

*Donald & Donald,* for appellee.

The testimony in this case clearly shows, and particularly the testimony of the defendant, C. T. Bryson, on cross-examination, and the other defendant, Mr. Robertson, on cross-examination, that the money so received from the City National Bank of Bowie, Texas, was used to straighten out the financial condition of the Guaranty State Bank at Sunset, and that in so using this money for that purpose they protected their own interest in that bank because both of the defendants were stockholders in that institution, and it caused their stock to be of some value, whereas before placing the money in that bank their stock was practically worthless, and that the City National Bank of Bowie, Texas, did not own any stock or have any interest in the assets of the Guaranty State Bank of Sunset at any time, and that the City National Bank did not derive any benefit from the $2,000 that was later found to have been used in straightening out the affairs of the Guaranty State Bank of Sunset, directly or indirectly, and yet these defendants contend that they failed to receive any benefit from this loan when the evidence clearly shows that they were protecting thir own interest as stockholders in the Guaranty State Bank at Sunset which at the time the loan was obtained from the

City National Bank of Bowie, Texas, was in financial straits and in fact was on the verge of having its doors closed.

The law is well settled that to constitute an accommodation maker then they must not be the recipient of any valuable consideration recognized in law, but that they must only be the lender of their credit for the benefit of some other person without any expectation of receiving any gain or benefit either then or in the future, and yet the evidence in this case unmistakably shows that these defendants received this money from the City National Bank and while it may be true that they later placed the money in the Guaranty State Bank at Sunset it was done to protect their own interest because they were stockholders in that institution and by the payment of such money into the Guaranty State Bank their own stock was kept from being rendered utterly worthless. Commonwealth Nat. Bank v. Goldstein, 261 S. W., 538; Parker v. First Nat. Bank, 16 S. W. (2d) 965; McGill v. McCamley, 182 S. W., 22 ; Nalitzky v. Williams, 237 Fed., 802; Skagit State Bank v. Moody, 150 Pac., 425; German American State Bank v. Watson, 163 Pac., 637; Exhum v. Mayfield, 286 S. W., 481.

MR. COMMISSIONER LEDDY delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals for the Second Supreme Judicial District. The certificate is as follows:

"This suit was instituted by the City National Bank of Bowie against W. F. Robertson and C. T. Bryson to recover principal, interest and attorneys fees on a promissory note executed by the defendants on October 13, 1924, in the sum of $2182.60, and to foreclose certain trust deed liens on specified tracts of land. .

"The defendants answered, among other things, in substance, that the note declared upon by the plaintiff bank was a renewal of an original note executed by the defendants for the sum of $2000 on or about the first day of February, 1923; that the original note was executed under the following circumstances, in substance: .

"That at that time the defendants W. F. Robertson and Bryson were stockholders in the Guaranty State Bank at Sunset, Texas, W. F. Robertson being its cashier; that at the time, the Guaranty State Bank at Sunset was in a very bad financial condition; that one Charles Hutchinson was a large stockholders in the Guaranty State Bank and was also the cashier of the plaintiff bank at Bowie; that an assessment of 100% upon the stock in the Guaranty State Bank had been made by the bank examiner, and that Hutchinson and both defendants, and others that need not be mentioned, fully paid the assessment upon the stock held by them, but that there were some twenty of the stockholders who were not notified of the assessment, and upon the suggestion and advice of Hutchinson, with the concurrence of the bank examiner, the defendants had executed said

original note for $2000 and said trust deeds to cover the assessments against the non-notified stockholders, this course being pursued as urged by Hutchinson for fear that the non-notified stockholders would, if notified of the assessment, withdraw their deposits in the Guaranty State Bank and thus bring about its immediate dissolution; that defendants Robertson and Bryson, being thus influenced, executed said original note with the distinct understanding and agreement that they were not to be held liable thereon and that the same should be paid out of the proceeds of the charged off paper belonging to the Sunset Bank; that defendants executed said note purely as an accommodation.

"The defendants further alleged and introduced evidence tending to show that until the institution of this suit, they had not been called upon to pay the note or any renewal thereof of any interest thereon; that during the interval between the institution of the suit and the execution of the original note, the interest was paid, as had been arranged, out of the proceeds of the Guaranty State Bank at Sunset that Hutchinson later became president of the Guaranty State Bank at Sunset, and that that bank had in fact collected out of its charged off paper sums sufficient in the aggregate to have discharged the note in question; that on several occasions Hutchinson had reiterated to defendants his assertion that they should not be held personally liable upon the note, and that it would be paid for out of the proceeds of the Guaranty State Bank; that on one or more occasions Hutchinson had promised to re-deliver and release the note in question, but that he had failed to do so, etc.

"A jury was impanelled, but after the introduction and tender of evidence in behalf of defendants, as above outlined, the court sustained the plaintiff's objection to the evidence offered and tendered on the ground that it sought to vary the effect and terms of a written contract, and peremptorily instructed the jury to find for the plaintiff, and judgment was entered in accordance therewith.

"The defendants excepted to the exclusion of this evidence and the court's peremptory charge, and requested that the issues suggested by the evidence be submitted to the jury (Hutchinson, in his testimony, having denied the agreement relied on by the defendants), and error is assigned to the action of the court in excluding the evidence and in refusing the special issues tendered, and in giving the peremptory instruction.

"We are not entirely agreed as to the proper dispostion to be made of the case, because of which and because of the importance of the questions presented, we deem it advisable to certify to your Honors the following question, towit:

"Does the evidence offered and tendered in behalf of the defendants show or tend to show that they were purely accommodation makers of the indebtedness declared on, and, as such, not liable to the plaintiff bank? In other words, did the court err, as assigned, in the rulings complained

of and in giving its peremptory instruction to the jury to find for plaintiffs?

"In this connection we refer to the following authorities cited in behalf of appellant, towit: State Banking Board v. James (Texas Civ. App.), 264 S. W., 145; Chapman v. Southwest National Bank (Texas Civ. App.), 276 S. W., 731; Central Bank & Trust Co. v. Ford (Texas Civ. App.), 152 S. W., 700. See also Commonwealth National Bank v. Goldstein (Tex. Civ. App.), 261 S. W., 538. In this connection also we venture to add that we considered the scope of the duty and authority of the cashier of the plaintiff bank as indicated in the cases of Rosenberg v. First National Bank (Texas Civ. App.), 27 S. W., 897, and First National Bank v. Ledbetter (Texas Civ. App.), 34 S. W., 1042, and the authority found in 5 Cyc., p. 460, to the effect that:

" 'A bank is charged with the knowledge acquired by its cashier, president or other officers pertaining to transactions within the scope of the bank's business although such knowledge be acquired in another transaction than that to which it relates. * * * And when a bank officer is acting as president or director of another concern, or as trustee or executor of an estate, the knowledge acquired in the latter capacity is imputed to his bank according to the most general rule.' "

Section 29 of the Negotiable Instruments Law (article 5933, R. S. 1925) defines an accommodation party as one who has signed the instrument as maker, drawer, acceptor or endorser without receiving value therefor and for the purpose of lending his name to some other person.

In order that one may avail himself of the defense of an accommodation maker, under the above provisions he must not be the recipient of any consideration deemed valuable in law. His act in executing the paper must be void of present or anticipated personal profit, gain or advantage. Commonwealth National Bank v. Goldstein (Texas Civ. App.), 261 S. W., 538; Exum v. Mayfield (Texas Civ. App.), 286 S. W., 481; Waller v. Gorman Mercantile Company (Texas Civ. App.), 141 S. W., 833; Brinker v. First National Bank (Texas Civ. App.), 16 S. W. (2d) 965; Magill v. McCamley (Texas Civ. App.), 182 S. W., 22; Skagit State Bank v. Moody, 86 Wash., 286, 150 Pac., 425.

The record in this case contains the frank admission of appellants that they executed a note in question for the purpose of obtaining the proceeds thereof for the use of the Guaranty State Bank in order to prevent its closing and consequent loss of the stock owned by them.

It has been held that it is no accommodation paper where stockholders of a corporation, for the protection of their interest therein, execute a note in order to obtain funds essential to its continued operation. 8 C. J., sec. 43, p. 256; Lewisville First National Bank v. Bickel, 143 Ky., 754, 137 S. W., 790; McDonald v. Luckenbach, 170 Fed., 434, 95 C. C. A., 604.

It appears that appellants believed that if money obtained by the execution of the note to appellee had not been forthcoming the bank would have been compelled to close its doors and their stock would have become worthless. By reason of the use of the funds procured by the execution of the note the bank was enabled to continue in business and the makers of the note thereafter disposed of their stock while the bank was a going concern. Under such circumstances it cannot be held that the note was executed without valuable consideration.

The note being executed for a valuable consideration, parol evidence was not admissible to show an agreement on the part of the makers with appellee's cashier that they would not be required to pay such note but that the same would be paid out of the assets of the Guaranty State Bank. Such evidence tends to vary the unconditional promise of the makers to pay such instrument according to its tenor and effect, which is not permissible in the absence of a plead of fraud, accident or mistake. Exum v. Mayfield, supra; Ellington v. Commercial State Bank (Texas Civ. App.), 15 S. W. (2d) 59; Canadian Long Distance Tel. Co. v. Seiber (Texas Civ. App.), 159 S. W., 897; Dolinski v. First National Bank of Pittsburg (Texas Civ. App.), 122 S. W., 276; Clark v. Gramling, 54 Ark., 525, 16 S. W., 475; Parker v. Mayes, 85 S. C., 419, 67 S. E., 559; German American State Bank v. Watson, 99 Kan., 686, 163 Pac., 637.

We recommend that the question certified be answered that the trial court did not err in the ruling complained of or in peremptorily instructing a verdict in favor of appellee.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.