## ROGERS et al. v. PUBLIC SERVICE EMPLOYEES CREDIT UNION.

No. 13618.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 5, 1937.

Rehearing Denied Jan. 14, 1938.

R. Guy Carter and J. Wentworth Pierce, both of Dallas, for appellants G. H. Rogers and J. E. Mercer.

Dallas C. Biggers and Ralph D. Baker, of Dallas, for appellant H. E. Booker.

Chas. M. Cocke and A. A. Cocke, both of Dallas, for appellee.

SPEER, Justice.

Public Service Employees Credit Union is a corporation, chartered under title 46, Rev.Civil Statutes 1925, as amended by the 41st Legislature, now article 2461 et seq., Vernon's Ann.Civ.St., for the stated purpose of creating thrift among its members, to make moderate loans at reason-able rates of interest, and to receive the savings of its members in payment of shares of stock or as deposits, and to invest their moneys as provided by the laws under which it was incorporated. It adopted by-laws prescribing its methods and manner of doing business, as provided in said title.

We shall refer in this opinion to the above-named corporation as appellee, and to the other parties by name, since they present, in some respects, different defenses to appellee's alleged cause of action.

Appellee sued G. H. Rogers, J. E. Mercer, and H. E. Booker, on December 19, 1935, in a district court of Dallas county, Tex., on one note dated November 9, 1931, in the principal sum of $679.80, due twelve months after date, payable in installments, setting out the note in full, which shows to have a certain conditional maturity clause different from the one recited above, and which we shall have occasion to mention later in this discussion. It is alleged that all the named defendants executed and delivered the note to appellee.

Further recovery was sought against defendant Rogers on a note for $118, dated November 17, 1933, payable to appellee, due six months after date, payable in installments. The full contents of this note was likewise set out in the petition; it also contained certain provisions which would conditionally change the maturity date.

Allegations were made that the statute under which appellee was incorporated authorized it to enact by-laws by which it could assess and collect fines against borrowers for failure to comply with the conditions of their respective obligations, and that it passed such by-laws, and because of breaches by the defendants certain fines had been assessed against them; that certain payments had been made by Rogers on these obligations during the years 1932, 1933, 1934, and 1935, aggregating $182.80; that the notes were past due and unpaid except for the credits named. Prayer was for judgment against all defendants for $963.92, with 20 per cent. attorneys' fees along with certain fines imposed; the debt, attorneys' fees, and fines aggregating the sum of $1,250.

The defendants each made similar answers, to the effect that the first mentioned note was barred by the statutes of limitation, Vernon's Ann.Civ.St. art. 5527; that the notes sued on were usurious; and that the whole transaction was ultra vires. The

defendants Booker and Mercer specially pleaded they were accommodation makers of the first note and that appellee had extended to Rogers the time of maturity and means of payment of the installments provided for in the note, without the knowledge or consent of either of them, and that because thereof they were released from liability thereon.

The case was tried to a jury, but at the conclusion of all testimony the court gave the following instruction: "Gentlemen of the Jury: You are instructed to find for the plaintiff and against G. H. Rogers as maker of the $679.80 note, and J. E. Mercer and H. E. Booker, co-makers for the balance of the principal of the note, interest and attorneys' fees on the note of date November 9, 1931, from November 17, 1934, to date. You will find against the maker G. H. Rogers on the $118.00 note interest and attorneys' fees from its date. You will also find against each of the defendants on their cross action. * * "

Upon a verdict returned by the jury under the above instruction, the court entered judgment for appellee against all the defendants, jointly and severally, for $690, with interest thereon from date of the judgment at 10 per cent. and for 20 per cent. attorneys' fees. He further entered judgment for appellee against G. H. Rogers alone for $178.15, with interest thereon from date of the judgment at 10 per cent. per annum and for 20 per cent. attorneys' fees thereon as provided in the note sued on. Exceptions were taken by all defendants to the rulings of the court both in rendering the judgment and the subsequent overruling of motions for new trial, and notice of appeal was given. The appeals were perfected by all defendants to the Dallas Court of Civil Appeals, and by order of the Supreme Court the proceedings have been transferred to this court for consideration.

The questions presented for review are:

(1) Were the transactions between appellee and appellants within the corporate powers of appellee?

(2) Were the notes sued on usurious?

(3) Was the $679.80 note barred by the statute of limitations?

(4) Did the transaction had between appellee and appellant Rogers work a release of appellants Booker and Mercer from liability of the $679.80 note?

The appellants H. E. Booker and J. E. Mercer insist that the transaction between appellee and G. H. Rogers, whereby the latter borrowed moneys from the appellee and executed his note for $679.80, was an ultra vires act on the part of appellee and unenforceable either against Rogers or the comakers, for the reason the note was in renewal of pre-existing debts and was for a sum larger than the original obligations for which it was a renewal, and was made to a member of the credit committee of appellee corporation, in contravention and violation of the provisions of appellee's by-laws.

The by-laws at section 2, article 14, provide, "nor shall any loan be renewed for a sum as large as the original amount. * * *" By article 2477, Rev.Civ.Statutes, as amended by Acts 1929, c. 17, § 1, Vernon's Ann.Civ.St. art. 2477, it is provided that such a corporation, as is appellee, shall not make a loan to a member of the supervisory committee except upon recommendation of two-thirds of the members of the association. Appellant Rogers was a member of the supervisory committee; the record shows that Mr. Hanie, the manager by order of the board of directors, along with the other two members of the supervisory committee, recommended the Rogers loan. However, the testimony does show that Rogers stated to the twelve who proposed to organize the appellee corporation that he did not want to go into it unless he could borrow from it, and at that meeting two-thirds of those who later became members voted to make loans to him.

It is impossible for us to tell whether or not the loan was in excess of prior indebtedness to the union; the record shows it was made up of a large number of small advancements; and the borrower himself did not know what he owed.

■■■ Rogers was a member of the advisory committee, and both the other makers were shareholders in appellee corporation and held official positions therein; under the circumstances we do not believe they can be heard to say the corporation, in letting its money upon their names, acted outside of its corporate authority. Certainly the rights of appellants were in no way infringed by the loan to Rogers and the other two makers of the larger note, even though, strictly speaking, the appellee had exceeded its authority to accommodate three members of its organization. If the solicitude of appellants for the welfare of the corporation in which they were

all shareholders was prompted solely for the protection of the corporation, a repayment of the moneys obtained would cure the infraction. A borrower of money from a corporation that has fully performed its part of a contract in good faith will not be heard to complain of repayment because the corporation had no authority to make the loan; especially is this true if the contract was not one prohibited by law or one against general public policy.

█ It was said by the Supreme Court in Bond v. Terrell Mfg. Co., 82 Tex. 309, 18 S.W. 691, 692: "If the other party has received from a corporation the benefit of a contract fully performed in good faith by it, he will not be heard to resist enforcement of the contract as to him, by pleading the mere want of power in a corporation to enter into the contract." This rule of law has been followed many times by our courts and is well settled. The assignments raising the point must be overruled.

The next point raised by the respective briefs of appellants is that the contract was usurious and was void as to all interest. We cannot agree with this contention for the reasons we shall presently show.

█ The notes sued on as they appear in the petition and statement of facts do not provide for interest in any form, neither before nor after maturity. There are many references in the several briefs to the interest on Rogers' indebtedness; for instance, one proposition upon which appellants rely for a reversal of this case contains this expression: "Where a note provides for ten per cent interest per annum and also that said principal and co-makers * * * promise to pay all fines imposed upon them, etc.," the contract is usurious. There is also the testimony of Rogers in which he states the $679.80 note contains in its face one year's interest, and also that the smaller note of $118 was given to cover two years' interest on the larger note, and from this we may assume there was an agreement some time some where between the parties for the payment of interest, but the rate is not mentioned. However, by a calculation based upon the amount of the small note, one could ascertain the rate charged for those two years; nothing, however, is shown as to the rate charged the first year nor the last. It is not contended any usury was paid, and the judgment discloses that no fines or penalties assessed were included.

Article 2466, subd. 10, Rev.Civ.St., as amended, Vernon's Ann.Civ.St. art. 2466, subd. 10, provides that the by-laws shall contain such regulations as the corporation shall adopt with reference to the assessment of fines on the borrowers for failure to perform their contracts; the by-laws of appellee has such a provision, but, as shown, since no fines or penalties were inflicted upon appellants in this case, a construction thereof relating to interest charged on the loan becomes unimportant. The assignments raising the issue of usury are overruled.

The third group of assignments as classified by us assert that the large note was barred by the statutes of limitation when suit was instituted thereon. The correctness of this contention will depend upon two things: (a) Did the acts of the parties amount to an extension of maturity? And (b) does the wording of the note mean that failure to pay an installment when due, unless excused by the directors, ipso facto, change the form of the note to one due on demand?

We believe the record warrants us in saying the maturity date of the $679.80 note was extended to November 17, 1934, and that by such extension the directors of the corporation thereby "excused" the failure to pay the installments which appellants claim automatically made it a demand note.

So much of the note as is necessary to a discussion of this point reads:

"November 4, 1931.

"Twelve months after date, for value received, we, G. H. Rogers as principal and J. E. Mercer and H. E. Booker as co-makers, waiving our rights of demand and notice, jointly and severally promise to pay to the Public Service Employees Credit Union or order, the sum of Six Hundred Seventy-Nine and 80/100 dollars in semi-monthly installments of Twenty eight and 32/100 dollars each, with interest at the rate of ——— per cent per annum.

"In case of any default in payments as herein agreed, unless excused by the Board of Directors, the entire balance of this note shall become immediately due and payable on demand."

The remainder of the note contains pledges by the makers of all shares, deposits, and interests they have in appellee corporation for security of the payment of the note, and the further promise to pay all interest, fines, costs, and expenses

of collection along with an attorneys' fee of 20 per cent if default is made and the note placed in the hands of attorneys for collection.

■ It was shown that a year's interest was included in the face of the note, the rate not stated; it was conclusively shown that the installments provided for in the note were not paid. It will be observed that, if installments are not paid "unless excused by the directors, the entire balance of this note shall become immediately due and payable on demand." Appellants contend that the default was not "excused by the directors," and therefore under the terms of the instrument it became a "demand" note and limitation ran from its date. If this construction of the recitation in the note is correct and the default was not "excused," then the note was due as of its date and, more than four years having elapsed since its date before the filing of suit on December 19, 1935, it would be barred. Brown v. Chancellor, 61 Tex. 437; State National Bank v. East Coast Oil Co., Tex.Civ.App., 208 S.W. 190, writ refused; Kampmann v. Williams, 70 Tex. 568, 8 S. W. 310; Henry v. Roe, 83 Tex. 446, 18 S.W. 806; many more decisions of courts to the same effect could be cited.

■ It is clear to our minds that the taking of the subsequent interest note of $118 covering two years' interest, one year of which was past due and one year in advance, had the effect of "excusing" by the directors the failure to pay installments as provided in the original note and that it did not for that reason become a "demand" note. It amounted to a valid extension of maturity of the note to November 17, 1934. Appellants Mercer and Booker, in their contention that they were released as sureties because of such an extension, cite the following authorities, which support our holding that there was such an extension of maturity: Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061, 47 Am.St.Rep. 128; J. I. Case Threshing Machine Co. v. Howth, 116 Tex. 434, 293 S. W. 800; Brinker v. First National Bank, Tex.Com.App., 37 S.W.2d 136; Novosad v. Svrcek, Tex.Sup., 102 S.W.2d 393; Lee v. Lewis, Tex.Com.App., 298 S.W. 408; 21 R.C.L. p. 1024, § 71; Id., p. 1008, § 58; Id., p. 1004, § 53; Id., p. 1018, § 66; Id., p. 1022, § 68.

The taking by payee of a new note for past-due interest and additional unearned interest during a definite period, as was done by appellee in this case, amounts to an agreement to extend the maturity of the original obligation until the date for which interest is charged in the latter note, and such a payee would be estopped to claim an earlier maturity. We can imagine a state of facts under which this statement would not have that effect, but such conditions do not exist here and it is unnecessary to discuss them. Our conclusions are based upon the facts shown in this case.

The appellee corporation unquestionably took from Rogers the interest note covering the one year past due and for a year thereafter. Under article 1327, Rev.Civ. Statutes, the directors of corporations are given the general management of the affairs of the corporation, and, even though the details of how loans shall be handled through loan committees, supervisors, or otherwise, the directors are primarily responsible as such for the final acts of the corporation. For these reasons, the taking of the interest note as herein shown was an effective extension of the maturity of the original note and amounted to the "excusing" of appellant Rogers' failure to pay according to the terms of the original note. All assignments of error raising the point are overruled.

■ By several assignments of error appellants Mercer and Booker complain of the action of the court in rendering judgment against them as joint makers with Rogers of the original or principal note. We have grouped these assignments under the fourth point above. It was contended by Mercer and Booker that they were accommodation signers of the note with Rogers and that their liability would be controlled by the principles applicable to sureties and indorsers of negotiable paper; therefore the extension of maturity granted to Rogers by appellee, without their knowledge or consent, relieved them of liability. If they were accommodation makers, as that term is defined by statute and construed by our courts, their contention would be sound, but, as we view it, they were not accommodation signers but were joint principals with Rogers.

Under our Negotiable Instrument Act, article 5933, § 29, Rev.Civ.Statutes, a definition is given of the term "accommodation maker," as follows: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor,

and for the purpose of lending his name to some other person."

██ If it can be said that Mercer and Booker signed the note sued on without consideration to them, and the sole purpose of signing was to lend their names to Rogers, then they would be accommodation makers; but, as we view the facts before us, this is not the case.

Appellee corporation held an indebtedness against Rogers which by the record had been accumulating over a period of time since the corporation was created. This indebtedness was a part of the assets of the corporation. Each of the appellants, Rogers, Mercer, and Booker, were shareholders in the corporation, and to that extent were interested in its assets and profits to be earned. The interest on this note was profit to the corporation in which they all participated.

The by-laws of appellee provided how the funds of the stockholders should be handled. They also provided for payment of 4 per cent. interest on such deposits, payable out of the surplus accumulated by loaning accumulated funds at reasonable rates of interest as provided under title 46, Rev.Civ.Statutes.

██ The interest to be paid on the note sued on went into the treasury of the corporation for distribution among its stockholders. In this way Mercer and Booker would receive the benefit arising from the transaction in proportion to the stock owned by them.

In case of Commonwealth National Bank v. Goldstein, Tex.Civ.App., 261 S.W. 538, 541, writ dismissed, the court had under consideration a similar question to that now before us. Goldstein was an owner of stock in a millinery company and lent his name along with one Walker to the millinery company for a line of credit to the company, conditioned that the payee bank would receive all deposits of the millinery company and apply them to the liquidation of the note. Suit was instituted on the note, and Goldstein defended upon the ground that he was an accommodation maker and, for reasons shown, was released from liability. The court said: "Appellee [Goldstein] was a stockholder in the

L. Wenar Millinery Company, therefore was interested in the welfare of said company, and, to the extent of the stock held by him, owned an interest in its property. This interest was sufficient consideration to make him liable as a principal debtor in the execution of said note, although the proceeds were for the use and benefit of the L. Wenar Millinery Company."

See, also, Exum v. Mayfield, Tex.Civ. App., 286 S.W. 481; Robertson v. City National Bank, 120 Tex. 226, 36 S.W.2d 481, 483, where this language is used: "In order that one may avail himself of the defense of an accommodation maker, under the above provisions [article 5933, § 29], he must not be a recipient of any consideration deemed valuable in law. His act in executing the paper must be void of present or anticipated personal profit, gain, or advantage." To the same effect are: Barr v. Huitt, Tex.Civ.App., 76 S.W.2d 587; Waller v. Gorman Mercantile Co., Tex.Civ.App., 141 S.W. 833.

Believing as we do that the record discloses a gain, profit, and advantage inuring to the benefit of the appellants Mercer and Booker in the matter stated, we hold they do not come within the realm of accommodation makers of the note sued on, and were therefore not discharged from liability by the extension of maturity to Rogers. The assignments of error raising the point are overruled.

██ The plain wording of the note sued on shows the makers are jointly and severally liable, and, since they are joint makers, the extension of maturity to Rogers would not release the other two signers from liability. "The doctrine that releases a surety on account of dealings between the creditor and the principal debtor, applies only to those who are in that attitude at the date of such dealings." Dalton v. Rainey, 75 Tex. 516, 13 S.W. 34, 36.

We have carefully considered other assignments of error not specifically discussed herein, but find no merit in them and they are overruled.

We find no error in the judgment of the trial court for which its judgment should be reversed, and it is therefore affirmed.