**RASEY et al. v. PERRYMAN.**

No. 4955.

Court of Civil Appeals of Texas.

El Paso.

June 24, 1953.

Rehearing Denied July 15, 1953.

762

Neel & Rachal, Midland, for appellants.

John Campbell, Midland, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the district court of Midland County, Texas. J. C. Perryman, plaintiff, hereinafter so designated, recovered against Troy and Mildred I. Rasey, defendants, hereinafter so designated, a joint judgment in the sum of $4,033.34. The judgment was rendered by the court on a motion for summary judgment by the plaintiff, based on Rule166–A, R.C.P. Defendants perfected this appeal from the judgment.

Plaintiff's action was founded on a promissory note in the sum of $3,500 with interest at the rate of six per cent per annum, providing for attorneys fees in the sum of ten per cent on the amount due if collected by suit. The note was payable to plaintiff or order and signed by defendants. A copy thereof was set forth in the petition. The defendants' answer was a general denial, and in substance it plead specially as follows: That on or about November 8, 1951, plaintiff sold a house to defendants for which a note was executed; that prior to and contemporaneous with said note defendants executed a deed of trust on property in Abilene, Texas, and that defendants were not to be personally held liable thereon, but plaintiff was to look solely to this property for payment of the note. Attached to plaintiff's verified motion for judgment was the original note. The nature and extent of the hearing on the motion does not clearly appear from the record, but it seems that the note was attached to the motion and was exhibited to the court.

Defendant filed in the trial court a motion for an extension of time in which to have approved and file a statement of facts. The ground was inability of the court reporter to file same on account of stress of other work. This motion was granted. There appears copied in the transcript what is denominated a statement of facts, which is approved by the trial judge. This purported statement of facts recites that there was no stenographic transcript of the reporter's notes, in fact that none was necessary. The court considered the pleadings, the note attached to the motion, and in the light of the record entered the judgment.

Defendants complain that plaintiff failed to introduce the note in evidence, and that the general denial placed the possession of the note in question. It is thought that it is shown that the note was presented to the trial judge. There is no showing that defendant offered evidence on his special plea or at the hearing, although he complains that the court would not allow him to do so. Defendants' special plea was as to prior and contemporaneous contract altering and varying the note in question.

The parol evidence rule is the rule of substantive law. 20 Am.Jur. p. 963, § 1100. If the defendants had been able to establish by parol evidence the allegations of their answer, such testimony would have had no legal effect. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Shropshire v. Alvarado State Bank, Tex.Civ.App., 196 S.W. 977; John E. Morrison Co. v. Riley, Tex.Civ.App., 198 S.W. 1031; Cottingham v. Harrison, Tex.Civ.App., 89 S.W.2d 255, (writ dismissed); South Texas Implement & Machine Co. v. Anahuac Canal Co., Tex. Com.App., 280 S.W. 521. Of course it may be shown by parol that a written contract did not exist. 20 Am.Jur. p. 955, § 1094; Henry v. Phillips, supra.

No error appearing in the record it is ordered that the judgment be in all things affirmed.