Ike K. HOWETH, Appellant,

v.

Dee DAVENPORT, Appellee.

No. 13275.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 19, 1958.

Rehearing Denied March 19, 1958.

Dyess, Dyess & Prewett, Houston, Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellant.

Matthews, Nowlin, Macfarlane & Barrett, Lewis T. Tarver, Jr., San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a suit on a note in the principal sum of $9,668.47, payable on demand to the order of Dee Davenport, appellee herein, dated April 1, 1947, and signed by Ike K. Howeth, appellant herein, the note allegedly representing a settlement of accounts between the parties, covering a course of dealing for a number of years. The suit was also for the sum of $716.87 on open account made after the execution of the note by Howeth to Davenport. The suit

was filed on August 18, 1950. On September 16, 1950, Howeth answered, stating that the note represented no obligation of his, that it was signed with an understanding that it would never be presented for payment and was to be nothing more than a memorandum for Davenport's files. Howeth also filed a cross-action in the sum of $164,500. On October 9, 1950, Davenport filed his answer to Howeth's cross-action. Thereafter, there was some correspondence between the attorneys for the parties.

On March 26, 1956, Howeth filed a motion to dismiss the cause for want of prosecution, and on April 2, 1956, Davenport filed his reply thereto. The trial court heard evidence on the motion to dismiss and overruled the same.

The parties filed amended pleadings and the cause went to trial before a jury on April 15, 1957. Howeth, in order to gain the right to open and close, both the introduction of evidence and the making of the argument, filed an admission under the provisions of Rule 266, Texas Rules of Civil Procedure.

At the close of the evidence the trial court granted Davenport's motion for an instructed verdict and rendered judgment that Davenport recover from Howeth the amount of principal, interest and attorney's fees due on the note sued on, and also the sum of $716.87, together with interest, due on open account, all of which figures are set out in detail in the judgment.

Appellant's first point is that the court erred in not sustaining his motion to dismiss the cause for want of prosecution.

The evidence shows that Davenport and Howeth, at one time, were personal friends and business associates in the oil business, sometimes as partners and sometimes as individuals. The indebtedness was allegedly the result of a long course of dealing, through the years, resulting in the filing of suit in 1950. After the suit was filed there

was some correspondence between Arthur D. Dyess, Jr., Esq., attorney for Howeth, and W. F. Nowlin, Esq., attorney for Davenport. Dyess practiced law in Houston, Texas, and Nowlin in San Antonio. Nowlin, by way of settlement, suggested that Howeth make monthly payments, which offer was refused by Dyess.

On October 30, 1952, Dyess wrote to Nowlin, stating among other things that he had hoped, due to the friendship which had existed between the parties over a number of years, an amicable settlement could be worked out on terms mutually satisfactory to them. Nowlin replied some time later, stating that he felt it would be agreeable to Davenport if Howeth would make partial payments, and further stating he realized that Howeth was entitled to a trial, and he would request a setting of the case at Dyess' convenience. The record does not show that this letter was answered, and nothing further happened in the case until Howeth filed his motion to dismiss for want of prosecution.

■ A motion to dismiss a cause is a matter ordinarily addressed to the sound judicial discretion of the trial court, and his action should not be disturbed except upon a clear showing that he has abused his discretion. Pacific Fire Ins. Co. v. Donald, Tex.Civ.App., 217 S.W.2d 431; State v. Perkins, 143 Tex. 386, 185 S.W.2d 975; Hinkle v. Thompson, Tex.Civ.App., 195 S.W. 311.

■ Here the court heard the evidence and overruled the motion. We cannot say that he clearly abused his discretion in overruling the motion to dismiss for want of prosecution. Appellant's first point is overruled.

■ Appellant's next point is that the court erred in granting Davenport's motion for an instructed verdict, because the evidence, when viewed in a light most favorable to Howeth, would support a finding

that he was induced by fraud to execute the note.

Appellant does not make any statement under this point, showing what evidence he is relying upon, or whether it was merely offered or actually introduced. After examining the entire record, it appears to us that appellant's complaint is more that the court erred in excluding his testimony proffered, than that the court erred in granting the motion for an instructed verdict. Appellant undertook to prove that T. C. Huddle, a certified public accountant and an agent for appellee, stated to him that if he would sign the note it would be used only as a memorandum for Davenport's files and that it would never be presented for payment; that this representation was false in that it was not intended to be kept at the time it was made, and that relying upon this fraudulent representation Howeth signed the note. This testimony was objected to as an attempt to vary the terms of the note by parol evidence. As we understand the record, the trial court excluded this testimony, in which action we think the court was correct. The note on its face was a solemn obligation on the part of Howeth to pay to Davenport the sum of $9,668.47, while under the oral evidence offered it was nothing more than a scrap of paper. Dean v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900; Mitcham v. London, Tex.Civ.App., 110 S.W.2d 140.

■ The trial court having properly excluded this parol evidence left appellant without any defense to the note. Appellee having filed an admission, under Rule 266, T.R.C.P., to the effect "that the plaintiff is entitled to recover as set forth except so for as it may be defeated in whole or in part by the allegations of the answer containing a good defense, which may be established on the trial," and appellant having failed to establish a good defense to the note appellee was entitled to an instructed verdict by the court.

We do not deem it necessary to determine whether or not appellant was entitled to in-

troduce this evidence in view of the admission made by appellee under Rule 266, T.R.C.P., as the evidence was not admissible under the parol evidence rule.

Appellant's other points are without merit and are overruled. The judgment is affirmed.