Don LASSITER, Appellant,

v.

BOXWELL BROTHERS, INC., Appellee.

No. 7196.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 3, 1962.

Sanderson & Bagley, Amarillo, for appellant.

Walter P. Wolfram, Amarillo, for appellee.

DENTON, Chief Justice.

Boxwell Brothers, Inc., filed suit against Don Lassiter and wife, Mary Lassiter, seeking recovery on a promissory note in the original sum of $1,091.12. Payments totaling $374.00 by the Social Security Administration and the Veterans Administration were credited to the note. The note was executed by the Lassiters in payment of the funeral expenses incurred for the burial of Mrs. Lassiter's former husband, David Wendell Giles. The case was tried before the court without a jury. The trial court awarded appellee judgment against Don Lassiter for the balance due on the note plus interest and attorney's fees. The court held Mrs. Lassiter was not liable on the grounds she was a married woman and the note was not executed for necessities. No exception was taken to the latter holding. Appellant contends the note was executed without consideration, and that there was no meeting of the minds of the parties to the note.

■ No findings of fact or conclusions of law were requested or filed. It is elementary that when the appellant contests the trial court's judgment without requesting such findings or conclusions, we must assume the trial court's findings support its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law.

The note is regular on its face and no claim of fraud or ambiguity is made. Under Article 5933, Section 24, Vernon's Ann. Tex.St., the note is deemed prima facie to have been issued for valuable consideration and appellant, who admitted signing the note, is deemed to have become a party to such note for value. Appellant contends he signed the note when he was under no legal obligation to make the payment for the funeral expenses of his wife's former husband, therefore, the note was executed without consideration.

The note in question was executed by appellant and his wife simultaneously with a written contract designated "Memorandum of the arrangements with Boxwell Brothers". It reads in part as follows:

"Nothing herein contained shall preclude or otherwise prevent Boxwell Bros., Inc. from filing a claim against the estate of said decedent, but the obligation of the undersigned shall be deemed to be a joint and several obligation with said estate; and all legal rights and priorities are especially reserved.

"I or We, the makers of the attached promissory note, do hereby authorize Boxwell Bros., Inc. to furnish the above service and merchandise, and in consideration thereof agree to pay the amount owing therefor in accordance

with the attached promissory note, which is evidence of the indebtedness and not payment thereof, and is given without prejudice to the rights of the payee as provided by laws concerning priority of claims.

> "Estate of David Wendell Giles,
>
> "s/ Mary Lassiter, Administratrix and Guardian.
>
> "s/ Don Lassiter."

A valuable and sufficient consideration for a contract may consist of either a benefit to the promisor or a loss or detriment to the promisee. In other words, sufficient consideration for the agreement may consist of some right, interest, profit, or benefit that accrues to one party, or, alternatively, of some forbearance, loss, or responsibility that is undertaken or incurred by the other party. Accordingly, it is not necessary that the promisor receive a benefit under the agreement. On the contrary, if the promisee parts with some legal right or sustains some legal injury as the inducement for the agreement, this will be sufficient. See 13 Tex.Jr.2d, Section 46, page 178, and cases there cited.

It is apparent appellee was caused to furnish its services and merchandise on the strength of a note being signed by appellant. Then there was consideration for the note even though appellant would not be personally liable for such burial expenses prior to the execution of the note. Appellant's first point of error is, therefore, overruled.

Appellant next contends there was no meeting of the minds between the promisor and promisee, to-wit: That it was agreed between the parties that appellant's signature was a mere formality and as comaker of the note he would not become personally liable. It is well settled that in the absence of a plea of fraud, accident or mistake, an unconditional written instrument cannot be varied or contradicted by parol agreements or by representations of the payee that the maker would not be held liable according to the tenor of the instrument. Robertson v. City Nat. Bank, 120 Tex. 226, 36 S.W.2d 481, (Opinion adopted.); Dean v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900, (Error Dismissed.); Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d 480, (Refused, NRE). Although the trial court admitted the alleged parol agreement into evidence, it is presumed such evidence was not considered by the court as it entered judgment in accordance with the written provisions of the note. Appellant's second point of error is overruled.

Appellee requests this court to assess a ten per cent penalty against appellant under the provisions of Rule 438, Texas Rules of Civil Procedure. In our opinion, the record failed to establish that the appeal was taken for delay or without sufficient cause. We conclude such a penalty is not justified.

The judgment of the trial court is accordingly affirmed.