**STEVE LYNN MOTOR COMPANY, Inc.,**
**Appellant,**

v.

**Emil PAVELKA, Jr., Appellee.**

**No. 4174.**

Court of Civil Appeals of Texas.

Waco.

Oct. 24, 1963.

Rehearing Denied Nov. 14, 1963.

David E. Hume, Eagle Pass, Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

Greene & Roye, San Antonio, for appellee.

WILSON, Justice.

Plaintiff declared on two promissory notes, alleging he had acquired the notes for value without notice and was owner and holder thereof. Defendant maker answered that plaintiff was not an innocent purchaser for value, and that the payee had agreed, contemporaneously with execution and delivery of the notes, that the payee "would not press defendant for collection and would not sue him upon the notes." Judgment was rendered for plaintiff on instructed verdict. We affirm.

Defendant contends the instructed verdict was not authorized because there was evidence to raise a fact issue as to whether plaintiff acquired the notes after maturity so as to preclude his status as a holder in due course under Art. 5935, Sec. 52, Vernon's Ann.Tex.Stats. The notes were

complete and regular upon their face, and were unconditional. Plaintiff adduced evidence that he became the holder before the notes were overdue, taking them in good faith, for value, and without notice of infirmity or defect in title. Defendant relies on the testimony of its president that the notes, which were endorsed in blank by the payee, were seen in the payee's possession after maturity. It says this evidence is sufficient to show the payee was then the "holder" under Sec. 191 of the Act, and the jury would therefore be authorized to find the notes were acquired by plaintiff after maturity. It contends, alternatively, that plaintiff was a holder in due course only to the extent of what he paid for the notes.

It is unnecessary to pass on these contentions. It is immaterial whether plaintiff was a holder in due course. There is no allegation of want of consideration, fraud, or delivery on condition. The purported infirmity, defect in title or defense alleged, and on which parol evidence was offered, was an agreement of the payee not to sue or press for collection. This is not an allegation of "defective title" under Sec. 55 of the Act, nor of an "infirmity" in the instrument itself. It is not an effective defense.

The plea that the payee would not sue or press for collection is tantamount to the allegation of an agreement that the maker would not be required to pay the notes or would not be liable thereon. Even if attempted to be raised as a defense without exception, parol evidence thereof was without probative force and is to be disregarded. Dolsen v. De Ganahl, 70 Tex. 620, 8 S.W. 321, 322; Robertson v. City National Bank, 120 Tex. 226, 36 S.W.2d 481, 483; Lassiter v. Boxwell Bros., Tex.Civ. App., 362 S.W.2d 884, 886; Wheeler v. Thomas, Tex.Civ.App., 328 S.W.2d 891, 895; Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d 480, 482, writ ref. n. r. e.; Jones v. Hubbard, Tex.Civ.App., 302 S.W. 2d 493, 495, writ ref. n. r. e.; Rasey v.

Perryman, Tex.Civ.App., 262 S.W.2d 761, 762; Britton, Bills and Notes (1943) Sec. 53, p. 210; Beutel, Brannan's Negotiable Instruments Law (7th ed.) Sec. 52(4), p. 574, Sec. 16, p. 272; 2 McCormick & Ray, Texas Law of Evidence, Sec. 1643, p. 502. "An agreement not to enforce or sue upon the instrument at all must be equally ineffective." IX Wigmore, Evidence (3rd ed.) Sec. 2444, p. 144.

Defendant also says there was an issue of fact raised as to whether it was only an accommodation maker. Aside from the question of materiality, there is neither pleading nor evidence it was such an accommodation party. See Robertson v. City Nat. Bank, 120 Tex. 226, 36 S.W.2d 481, 483, syl. 1.

Affirmed.