Robert H. MARTIN, Appellant,

v.

FANNIN BANK, Appellee.

No. 4340.

Court of Civil Appeals of Texas.

Waco.

March 25, 1965.

Rehearing Denied April 15, 1965.

Lamar Carnes, Houston, for appellant.

Bracewell, Reynolds & Patterson, Houston, for appellee.

WILSON, Justice.

Summary judgment was rendered for appellee in its suit against appellant on two promissory notes.

Appellant says his pleadings and affidavit raise fact issues precluding summary judgment: (a) that he was induced to execute the notes by appellee's representation and promise that he would not have to pay them except from certain oil and gas income; and that there "would never be any question as to repayment of said notes other than by payment" by another named person; (b) that he deposited corporate stock certificates with appellee "with the understanding on his part and the agreement of appellee that no legal action would be taken against appellant" on the notes until appellee had received the oil and gas income; (c) failure of consideration.

The consideration for the original notes of which the notes sued on were renewals, it is admitted, was cash advanced by appellee to appellant. No other fraud being charged, the alleged agreements that appellant would not have to pay the notes, that he would not have to pay them except from specified income, and that no legal action would be taken against him do not constitute a defense. Robertson v. City National Bank, 120 Tex. 226, 36 S.W.2d 481, 483; Dolsen v. De Ganahl, 70 Tex. 620, 8 S.W. 321, 322; Steve Lynn Motor Co. v. Pavelka, Tex.Civ.App., 371 S.W.2d 928; Lassiter v. Boxwell Bros., Tex.Civ.App., 362 S.W.2d 884, 886; Wheeler v. Thomas, Tex.Civ.App., 328 S.W.2d 891, 895; Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d 480, 482, writ ref. n. r. e.; Jones v. Hubbard, Tex.Civ.App., 302 S.W.2d 493, 495, writ ref. n. r. e.; Rasey v. Perryman, Tex. Civ.App., 262 S.W.2d 761, 762; Britton, Bills and Notes (1943) Sec. 53, p. 210; Beutel, Brannan's Negotiable Instruments Law (7th ed.) Sec. 52(4), p. 574, Sec. 16, p. 272; 2 McCormick & Ray, Texas Law of Evidence, Sec. 1643, p. 502; IX Wigmore, Evidence (3rd ed.) Sec. 2444, p. 144.

Appellant testified by deposition that one of the notes (and the prior note which it renewed) was not executed as a result of any misrepresentation or any false information; that "At the time this note was made I did not know of any misrepresenation"; that the answer he filed alleging the bank's misstatements to him had "nothing to do with" that note.

Both notes, the record establishes without dispute, were executed in renewal and extension of previous notes. The representations alleged to have been made to induce execution of notes referred to in appellant's affidavit, of necessity are referable to the original notes, under the uncontroverted record, including appellant's deposition. Before the renewal notes were executed, the record shows without dispute, appellant made independent investigation of facts alleged to have been misrepresented by appellee, and arrived at the independent conclusion the matters alleged to have been represented were untrue. He admitted also that he was sure if he signed the original notes the bank would look to him for payment, and he testified by deposition the bank had made it clear to him they were looking to him, and not to other sources, for payment.

**544**

"Where one executes an obligation in renewal of a note claimed by the holder to be valid, but known to the maker to be fraudulent or without consideration, the latter will be deemed to have freed the transaction of the fraud, and to have waived the want of consideration, and will not be permitted to plead it." Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201, 205; Braxton v. Haney, Tex.Civ.App., 82 S.W. 2d 984, 986, per Alexander, writ ref., and cases cited. The record justifies the trial court's conclusion that appellant's contentions concerning failure of consideration and misrepresentations do not militate against appellee's recovery.

Appellant pleaded and filed an affidavit, however, stating that at appellee's request he deposited corporate stock "with the agreement of plaintiff that no legal action would be taken against" him on any purported obligation until specified income was received by him, which would be applied on these and other notes of which he was maker.

The alleged deposit of securities was sufficient consideration to support the alleged agreement to forbear commencing suit or postpone enforcing appellee's claim. Von Brandenstein v. Ebensberger, 71 Tex. 267, 9 S.W. 153. See authorities cited, 13 Tex.Jur.2d Sec. 54, p. 192; 9 Tex.Jur.2d, Sec. 45, p. 58.

Appellee argues that it denied there was any such agreement; that appellant failed to allege whether it was made before or after the renewal notes were executed; that it is an attempt to vary the terms of the notes by parol; that no definite time of forbearance is alleged, and it is possible the contingency may never come to pass; that appellant fails to allege his own agreement to forego his right to pay before the end of the extension period.

None of these arguments are valid reasons for sustaining the judgment. The burden of demonstrating absence of any genuine issue of material fact is on the movant, against whom all doubts are resolved. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274; Winters v. Langdeau, Tex.Sup., 360 S.W.2d 515; In re Price's Estate, Tex.Sup., 375 S.W.2d 900. We do not, in fact, find a denial by appellee in the record, but appellee's denial of appellant's proof could do no more, of course, than create an issue of fact. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, syl. 6. Since appellee's affidavit did not negative the availability as a defense, or the sufficiency and validity of the agreement alleged, existence of a fact issue was not thereby eliminated. The agreement alleged would not "vary" the instruments sued on; it would only postpone enforcement. The rule relied on by appellee applies to prior and contemporaneous parol agreements; not to those subsequently made. 2 McCormick and Ray, Texas Law of Evidence, Sec. 1671, p. 515. Finally, appellant's affidavit does not assert an extension agreement; and it states the oil and gas proceeds currently amount to $75,000 and are accruing to his account at the rate of $2500 per month.

That portion of the affidavit declaring the agreement to forbear legal action in consideration of deposit of the stock made a genuine issue of material fact in the face of which a summary judgment under Rule 166–A was unauthorized.

The judgment is reversed. The order severing appellant's cross action is set aside. The cause is remanded.