**Albert VENUTO, Appellant,**

v.

**Sol GELLER, Appellee.**

**No. 4117.**

Court of Civil Appeals of Texas.

Eastland.

March 3, 1967.

Bryant, Glenn, & Thomas, Jack Bryant, Abilene, for appellant.

Whitten, Harrell & Jameson, Josephine M. Jameson, Abilene, for appellee.

WALTER, Justice.

This is a summary judgment case. Sol Geller recovered a judgment against Albert Venuto. Venuto has appealed.

Geller's cause of action was based on a promissory note executed by Venuto. Appellant contended there was no consideration for the execution of the note. He further contended that it was agreed between the parties "that such funds were repayable to Plaintiff only out of his share of the profits of the oil and gas exploration business which the parties contemplated would be carried on in the future by Defendant for the benefit of Plaintiff, * * *. Defendant would show that such oil and gas business continued for a considerable period of time after such date and that such business ventures were unsuccessful and resulted in complete loss of the interest of all parties in such business operations."

The question presented is whether such evidence relating to the prior or contemporaneous agreement that the note would be payable only from profits violates the parol evidence rule. We hold that it does.

In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960), the court said:

"On the other hand a parol condition or agreement relating to payment of a delivered instrument is not enforceable if it operates to add to, take from or vary the terms of the written agreement."

To permit appellant to prove by parol evidence that the note was to be paid only out of appellee's profits from an oil and gas business would contradict the unconditional promise to pay a definite sum of money set forth in the note.

The judgment is affirmed.