**CICERO SMITH LUMBER COMPANY, Appellant,**

v.

**Henry GASTON et ux., Appellees.**

**No. 7973.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 6, 1969.

Rehearing Denied Nov. 10, 1969.

Key, Carr, Evans & Fouts and Ronald M. Yeager, Lubbock, for appellant.

Ray D. Anderson, Brownfield, for appellees.

DENTON, Chief Justice.

This is a suit on a note to recover a deficiency remaining after foreclosure on the real property securing the note. Cicero Smith Lumber Company, payee, sued Henry Gaston and wife as joint makers of the note for a deficiency and attorney's fees. Trial was by jury and judgment was entered for the defendants upon the jury's verdict.

Gaston, a carpenter and builder, and his wife executed a note and a combination materialmen's lien contract and deed of trust on June 15, 1964 in the amount of $14,000.00. As contemplated by the lien document, Cicero Smith Lumber Company supplied the material and labor for the construction of the house on the described property. The house was completed approximately 90 days after the instruments were executed. It is undisputed no payments have been made upon the note by the Gastons. After demand for payment and following the posting of notices under the deed of trust, the trustee sold the property in question at a foreclosure sale on July 5, 1966 to the highest bidder for $9,500.00. Cicero Smith here sues for the deficiency between the amount it advanced plus interest and attorney's fees, and the amount it bid at the foreclosure sale.

Appellees contended their signatures on the note and mechanic's lien were obtained by fraud and misrepresentation made by J. D. Green and/or Jimmy B. Nelson while in the course of their employment with Cicero Smith Lumber Company. They allege the parties entered into an oral agreement whereby Cicero Smith was to furnish the money and materials for the construction of the house; labor was to be furnished by Gaston with the wages for the labor to be paid by Cicero Smith. It is undisputed Cicero Smith complied with the terms of the agreement. Appellees further allege this was the only agreement between the parties and "the parties * * * were to share and share alike in the net profit from the sale of the house if sold within 90 days after completion; otherwise, the Plaintiff Cicero Smith Lumber Company would take over the house at no loss or cost to defendants, and further, that but for the fraud and misrepresentation to the effect that defendants' execution of a note and lien would be necessary to carry out the terms of the aforesaid agreement, the Defendants would not have signed the two instruments."

In response to special issues submitted the jury found: J. D. Green, deceased, then local manager of Cicero Smith agreed with Gaston that the latter would not sustain any loss on the house; that Jimmy Nelson, who succeeded Green as appellant's local manager, made the same agreement with Gaston; that Nelson represented to Gaston that the signing of the note and lien instruments "was necessary to carry out the agreement, if any"; that such representation was false; that Gaston relied on such representation; the Gastons would not have signed the instruments except for such representation; that the Gastons did not know they were signing a promissory note making them personally liable to Cicero Smith Lumber Company; and that by reasonable diligence the Gastons could have ascertained they were personally liable on the note. Judgment was entered for the defendants upon this verdict.

Appellant first seeks reversal of the trial court's judgment on the ground the admission of appellees' testimony to the effect they were not to be obligated on the note and materialmen's lien was in violation of the parole evidence rule. Appellees recognize the parole evidence rule, but contend it is not applicable for the reason the execution of the note and lien were induced by false representations by appellant's agents.

The plea that the plaintiff and defendants "were to share and share alike in

the net profits from the sale of the house if sold within 90 days after construction; otherwise, the Plaintiff, Cicero Smith Lumber Company, would take over the house to no loss or cost to Defendants" is tantamount to allegations that the defendants would not be required to pay the note or be liable thereon. There is a distinction between a parole condition affecting delivery of a negotiable instrument, and one affecting its payment. Helmke v. Prasifka (Tex.Civ.App.), 17 S.W.2d 463 (writ. ref.); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948. Under the provisions of the Negotiable Instruments Act delivery for a special purpose may be shown as between the immediate parties, Article 5932, Section 16. However, a parole agreement relating to payment of a delivered instrument is not enforcible if it operates to add to, take from, or vary the terms of a written agreement. Kuper v. Schmidt, supra; McPherson v. Johnson (Tex.Civ.App.), 436 S.W.2d 930 (Ref. n. r. e.); Lassiter v. Boxwell Brothers, Inc. (Tex.Civ.App.), 362 S.W.2d 884; Shepherd v. Woodson Lumber Company (Tex.Civ.App.), 63 S.W.2d 581.

■ When Appellees' testimony is viewed in its most favorable light, it does not show a delivery of the note and materialmen's lien for a special purpose or that the note would become payable only upon the happening of some future contingency. It shows that an agreement had been entered into whereby the parties would share the profits for the sale of the house, and that appellees would suffer no loss in the transaction. Such an agreement may not be shown by parole evidence as a defense to a note because it clearly varies the terms of the unconditional promise expressed in the written instrument to pay a sum certain on a fixed date in the future. Fisher v. Howard (Tex.Civ.App.), 389 S.W.2d 482; Steve Lynn Motor Company v. Pavelka (Tex.Civ.App.), 371 S.W.2d 928; Crumpler v. Humphries (Tex.Civ.App.), 218 S.W.2d 215 (writ. ref.); Venuto v. Geller (Tex.Civ.App.), 415 S.W.2d 544.

■ Being of the view the trial court erred in admitting parole evidence which contradicted the unconditional promise expressed in the written instruments to pay a sum certain, the judgment must be reversed and rendered for the deficiency together with interest. By the express terms of the note, appellant is entitled to attorney's fees in some amount. The note provides for reasonable attorney's fees in the event the note was placed in the hands of an attorney for collection. The reasonableness of attorney's fees is a question of fact, however, in response to the special issue concerning attorney's fees the jury answered "none". The claim for attorney's fees is a severable claim. We are authorized to sever the claim for attorney's fees and reverse and remand the judgment as to it only. Great American Reserve v. Britton (S.Ct.), 406 S.W.2d 901; Rhoades v. Miller (Tex.Civ.App.), 414 S.W.2d 942; Richardson v. Raby (Tex.Civ.App.), 376 S.W.2d 422. Accordingly the severed cause as to appellant's attorney's fees is remanded to the trial court for a new trial. The remainder of the judgment is reversed and rendered.