BAILEY v. HEALD.

Where the drawer and endorser of a draft resided in Titus County, and the draft was drawn on a house in New Orleans, and was protested for non-payment, it appeared that from the maturity of the draft, until the commencement of the first Term of the Court in Titus County, only sixteen days intervened, and that sometimes letters were received from New Orleans in ten or twelve days, and sometimes thirty days, showing great irregularity, ranging from ten to thirty days, and the holder of the draft resided in New Orleans, it was held that the circumstances afforded good cause why suit was not brought against the drawer to the first Term of the Court, after the accrual of the cause of action.

It seems that whether good cause is shown for not bringing suit to the first Term of the Court against the maker of a note or drawer of a draft, in order to fix the liability of the endorser, is a question for the jury and not for the Court.

Appeal from Titus. Burns drew his draft in favor of Bailey on Paine & Harrison in New Orleans, La., on the 17th February, 1852, payable at 12 months, and Bailey endorsed and passed it. Burns and Bailey were merchants in Titus County, Texas, and Paine & Harrison merchants in New Orleans. On the 19th day of February, 1853, the draft was protested for non-payment, as appears from the record. There was no notice of protest. Suit was commenced on the 28th July, 1853. The first Term of the District Court for Titus after the maturity,

began on the 14th of March, 1853 ; but the Clerk testified, by mistake, that it began on the 7th.   The petition assigned as a reason for not suing at the first Term, that plaintiff resided in New Orleans in Louisiana, and had not time.

*M. D. Rogers*, for appellant.

*S. F. Moseley*, for appellee.

LIPSCOMB, J.   This suit was brought by the endorsee against the drawer and endorser of a bill of exchange, drawn on a mercantile firm in New Orleans, and not paid when presented. The liability of the defendant was not fixed according to the Law Merchant; because, although the draft appears to have been presented, there is no evidence that notice in any form was given.   The liability therefore, must arise, if at all, under the provisions of our Statute, that establish the liability by a suit brought to the first Term of the Court after failure of payment, or to the second Term, and showing good cause why suit was not instituted before the first Term next after the right of action accrued.   (Art. 2528, Hart. Dig.)   It appears from the evidence, that from the time of the maturity of the draft sued on, until the commencement of the first Term of the Court in the county of the residence of the maker and endorser, sixteen[*] days intervened, and that sometimes letters were received from New Orleans at the place of the residence of the defendant in ten or twelve days, and sometimes it would be thirty days, showing great irregularity, ranging from ten to thirty days.   By our law, suits must be commenced five days before the commencement of the Term, so that only eleven days would have been allowed to send from New Orleans and have the suit commenced.   These circumstances, we believe, afford a good cause why suit was not brought to the first Term, after the accrual of the right of action.

[*] Mistake for twenty or twenty-three.—See statement of facts.   REFS.

The question never has been settled in this Court, as to what is, under the Statute, a showing of good cause ; nor can it well be done by any inflexible rule, because each case must depend upon its own particular circumstances ; nor has it been decided whether the question must be decided by the jury or the Judge, and there might be much discussion on both sides, drawn from the analogy of due diligence in fixing the liability of the endorsers to negotiable paper, on which subject there has been considerable variety of opinion. We apprehend, however, that *it is more in harmony with our system of jurisprudence,* to leave the question, on the evidence, to be decided by the jury, it certainly being a question of fact, whether good cause is shown or not. If the jury should find capriciously, without regard to the fact, that the suit ought to be brought to the first Term, if time and distance were such as to afford a reasonable opportunity to do so, their verdict could and would be controlled by the Court.

The Act of the Legislature of the 24th December, 1851, (vol. 4, p. 23,) has been commented on by the appellant's counsel. We see no difficulty in the construction of this Act. Its object was, and such its effect, to give ten per cent. on drafts drawn by a merchant within this State, on a person out of the State. It was not designed to extend to and embrace a draft drawn by any person not a merchant ; for instance, a draft drawn by a planter on his agent or factor out of the State, would be excluded from the operation of the law, and the ten per cent. would not be allowed on such draft. The evidence shows that the drawer and endorser were both merchants, and that the bill was drawn on a mercantile firm in New Orleans, and that it was clearly within the Statute giving the ten per cent. The judgment is affirmed.

Judgment affirmed.