## JOHN VITKOVITCH v. ANNA KLEINECKE ET AL.

### Decided June 10, 1903.

**1.—Notes—Suit Against Indorser—First Term.**

Where, after the maturity of a note, there was not time to obtain service for the next ensuing (February) term of court, and the suit was brought to the following (April) term, this was sufficient to fix the liability of an indorser of the note, as it was, in legal effect, a bringing of the suit to the first term after the maturity of the note, as required by the statute. Rev. Stats., art. 304.

**2.—Same—Excuse for Delay.**

If the April term is to be held the second term after the maturity of the notes, then the fact that there was not sufficient time to obtain service to the February term, was a sufficient excuse for the failure to bring the suit to that term.

**3.—Pleading—Signing by Attorneys—Amendment.**

Failure of the attorneys for plaintiff to sign the petition is but an irregularity, and its amendment in this respect will relate back to the date of its original filing.

**4.—Notes—Accommodation Indorser.**

Where a builder of houses, in order to obtain a building contract, procured a loan to be made to the owner of the lot, and the note given for the money was executed to the builder as payee, and he at once indorsed it to plaintiff, he was not an accommodation indorser, but an indorser for value.

Appeal from the District Court of Galveston. Tried below before Hon. Wm. H. Stewart.

*Jas. B. & Chas. J. Stubbs,* for appellant.

*William T. Austin,* for appellees.

FLY, ASSOCIATE JUSTICE.—This action was instituted by appellant against Anna Kleinecke, as the maker, and John Bautsch, as indorser, of a promissory note for $1800, and against S. S. Hanscom, as trustee in a certain deed of trust given by Anna Kleinecke to secure the payment of said note, and for foreclosure of the lien. The cause was tried by the court, and resulted in a judgment in favor of appellant for his debt and foreclosure of his lien as to Anna Kleinecke, but against him as to John Bautsch. Hanscom being only a formal party, judgment was rendered in his favor. Appellant desires a review of the judgment in favor of Bautsch.

On January 20, 1899, Anna Kleinecke executed a note to John Bautsch for $1800, due three years after date, bearing 7 per cent interest, and 10 per cent attorney's fees if placed in the hands of an attorney for collection. She at the same time executed a builder's lien and deed of trust on certain lots in the city of Galveston to secure the same. On the same day, for a valuable consideration, the promissory note was indorsed by Bautsch to appellant. Nothing was paid on the note except the interest up to July 21, 1900. The note became due on January 21, 1902, and allowing for three days grace, suit could have been insti-

tuted on January 25, 1902. The first term of the District Court of Galveston County after the note became due began on the first Monday in February, 1902, being the third day of that month, and could last until the Saturday before the first Monday in April, on which day another term of the court began. Appellant filed this suit on February 10, 1902, but the petition was not signed by the appellant or his attorneys. Service was obtained on appellees for the term beginning on the first Monday in April, 1902, and on April 5, 1902, both of them answered, Kleinecke's answer being a general demurrer and general denial, and Bautsch's being a general demurrer, and that if at all liable it was as an indorser, and by special exception setting up that he had not been sued at the first term of the court after the note became due and no good cause was alleged for not bringing the suit at an earlier date. On May 14, 1902, appellant by leave of the court amended his petition by signing the names of his attorneys thereto, and on the same day filed a supplemental petition setting up the facts as to when the note became due, when the February term of the court began, and claiming that the April term was the first term in contemplation of law after the note became due. Bautsch filed a motion on May 15th to strike out the original petition because it had not been signed until that day, and also filed general and special demurrers and pleaded generally and specially to the merits of the case.

The trial court held that the February term of the district court was the first term after the cause of action accrued, and that the filing of an unsigned petition was not the institution of the suit for the April term, and that the suit was really not instituted until May 14, 1902, when, under leave of the court, the petition was signed by the attorneys for appellant.

It is provided in article 304, Revised Statutes of Texas, that the holder of any bill of exchange or promissory note assignable or negotiable by law, may fix the liability of the drawer or indorser, without protest, by suing the acceptor of the bill of exchange or the maker of the note before the first term of the county or district court to which suit can be brought after the right of action shall accrue; or by suing at the second term and showing good cause for not suing at the first term. It appears from the evidence that the cause of action accrued not more than eight days before the February term of the District Court of Galveston County began, and if suit had been instituted on the note at the very earliest moment service could not have been perfected at the February term.

The statute says that the action must be instituted before the first term of the district or county court to which suit can be brought after the right of action shall accrue. Would the institution of suit be required at a time when it would be impossible to obtain service? Upon this question we have been unable to find direct authority, although in the case of Bailey v. Heald, 14 Texas, 226, it is held that inability to perfect service before the first term of the court after the cause of action ac-

crued would be a sufficient excuse to justify a suit against an indorser at the second term. The validity of that excuse must rest on the premise that the first term of the court to which the suit can be brought or perfected was in reality the one to which it was brought. However, if that is not a legitimate inference to draw from the decision, it does hold in no uncertain terms that such facts would form a reasonable excuse for failure to earlier institute the suit.

Appellant filed an imperfect petition on February 10th, in that it was not signed, and appellees in response to the citation came into court and answered without attacking the petition on account of that defect. Afterwards the petition was amended under leave of the court, and proper allegations were made in a supplemental petition as to why the suit had not been filed at the February term At that time appellees were duly in court, and if it should be held, as was done by the trial judge, that the suit was then and there instituted, and that it was during the second term of the court after the accrual of the action, still it was as fully brought to the second term as though appellees had been served with citation, because they appeared, and by answering waived the issuance and service of citation. They were both in court, and it can not be denied that the suit could have been properly tried at that term of the court.

We think, however, that the amendment did not set up any new cause of action, but merely cured formal defects in the petition, and went back to and dated from the filing of the petition on February 10, 1902. Speaking on the subject under consideration, in the case of Boren v. Billington, 82 Texas, 137, the Supreme Court, through the present Chief Justice, held: "A petition, however defective in substance, is certainly capable of amendment, and we see no reason why the right should be denied when the defect is one of form. The signature to a pleading is a formal requisite. The failure to comply with the requirement is an irregularity that may subject the pleading to be stricken out upon motion, or to be treated as a nullity by the court, but it is one which does not operate to the injury of the opposing party, and therefore its amendment can not prejudice his rights upon the trial of the cause." Being a formal defect, a mere irregularity, it did not go to the foundation of the action, and when the signature was appended the suit stood as though instituted free of defects or irregularities on the date of its filing. Fidelity Co. v. Zapatke, 60 S. W. Rep., 268.

Perhaps the excuse for not suing at the February term, if it was at all necessary, should have been embodied in an amended petition, instead of being set up in a supplemental petition, but in the absence of exceptions attacking it on that ground, it will be considered as though pleaded in the proper form.

We conclude that if, as held in the Bailey-Heald case, the failure to file suit at the February term was sufficiently excused by the fact that service at that term was impossible, to all intents and purposes the April term was the first term after the cause of action accrued, and that

the filing of the unsigned petition was an institution of the suit at that term. But if it be held that the April term was the second term after accrual of the action, then the suit was properly instituted at that term, and good cause shown for failure to sue at the first term.

Appellee Bautsch insists that although the court may have given reasons for its action which can not be sustained, yet that the facts show that Bautsch was not liable as an indorser, because the note and deed of trust constituted an original transaction between appellant and Kleinecke, to which Bautsch was not a party and in which he had no interest, he having allowed his name to be used as payee in the note and beneficiary in the deed of trust purely as an accommodation to appellant.

The facts show that Mrs. Kleinecke wanted a house built, and Bautsch, who was a builder of houses, desired the job. Mrs. Kleinecke did not have the money to build with, and Bautsch, having a direct interest in her getting it, sought some one who would lend her the money. In order to get the money she entered into a building contract with Bautsch, and also gave him the promissory note. The papers were drawn at the instance and request of appellees, and appellant had no connection with them until they were indorsed by Bautsch to him, and he gave a check for the money which was paid to Bautsch. The whole affair seems to have been gotten up largely for the accommodation of Bautsch. The negotiations with appellant were conducted through Johnson, an agent of appellees. The method of raising the money in this instance was one often pursued by Bautsch.

An accommodation bill or note is one to which the accommodating party has put his name, without consideration, for the purpose of accommodating some other who is to use it and is expected to pay it. In order to render a bill or note accommodation the indorser must lend his credit to the maker for the benefit of the latter, and without benefit to the indorser. Daniel, Neg. Inst., sec. 187; Tiedeman Com. Paper, sec. 158. Under the very terms of the definition of accommodation paper Bautsch could not sustain the character of accommodation indorser. He was as greatly benefited by it as the maker of the note, it being a joint enterprise on their part. The inference may be indulged in that he signed the papers in order to get the profit that he would make on his contract, and that he did get it.

We conclude that the judgment should be affirmed as to Mrs. Kleinecke and Hanscom, and that it should be reversed as to John Bautsch and judgment here rendered that appellant do have and recover of John Bautsch, as indorser of said promissory note, the amount of his debt, together with the costs of this and the lower court, and that Bautsch have judgment over against Mrs. Kleinecke.

*Affirmed in part; reversed and rendered in part.*