## EXUM v. MAYFIELD et al.   (No. 2614.)

(Court of Civil Appeals of Texas.   Amarillo.
June 16, 1926.)·

**1. Bills and notes ⊂⇒96.**

To be "accommodation maker" of note within Negotiable Instruments Law, one may not be recipient of any consideration, but merely lender of credit to another who is to pay note when due.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accommodation Maker.]

**2. Bills and notes ⊂⇒96.**

Where note was signed by defendants, in order to obtain money to pay special prosecutor in criminal prosecution, they could not defend as accommodation makers, where they were each to be liable as contributors for proportional share of face value.

**3. Evidence ⊂⇒441(11).**

Parol evidence is inadmissible to show understanding at time of signing note that joint and several makers should become liable only for part thereof, in absence of fraud, accident, or mistake in execution.

**4. Bills and notes ⊂⇒475.**

Plea based on agreement to secure additional parties as signers of note, before it was to become binding, *held* subject to special exception that names of such parties were not stated in plea.

Appeal from Wheeler County Court; A. C. Wood, Judge.

Suit by Frank Exum against W. G. Mayfield and others.   From a judgment for plaintiff in only part of sum claimed, he appeals. Reversed and remanded.

J. B. Clark, of Shamrock, and Hoover, Hoover & Willis, of Canadian, for appellant.

M. Reynolds and H. B. Hill, both of Shamrock, for appellees.

HALL, C. J.   On January 13, 1922, F. E. Stevens, W. G. Mayfield, Roger O'Gorman, D. L. Bowers, Edgar and A. F. Wischaemper, as makers, executed and delivered to plaintiff, appellant here, their certain promissory note in the sum of $1,000, which contains the usual provisions for attorney's fees, and a waiver of presentation, protest, and nonpayment at maturity.   The note contains several credits reducing the amount to a balance of $606.41 at the time of suit.

Four of the makers filed a joint answer, alleging that the note was not delivered by them to become a binding obligation; that there was no consideration moving to them, but that it was executed to plaintiff at his request because he wanted to employ an attorney to prosecute one Sammons, who was charged with murdering Brooks, a brother-in-law of the plaintiff; that plaintiff was a man of limited means and desired to secure persons to contribute to the attorney's fee of $1,000 cash; that said defendants were in sympathy with plaintiff, and that three of them agreed to contribute $50 each, and the fourth one $20 of the total amount of the note; that plaintiff was unable to raise the $1,000 in cash, and desired to borrow money from the bank in Shamrock; that they signed the note, delivering it to plaintiff with the express agreement that the latter would secure other and additional signers thereto, and that said defendants would not be obligated for more than the amount which each had agreed to pay, but that plaintiff, in violation of such agreement, wrongfully delivered the note to the bank as a security for the loan, and was therefore not entitled to recover thereon as against said defendants; that their execution of the note and agreement to pay said sums was as an accommodation to plaintiff, and to enable him to secure the loan of $1,000.

Wischaemper Bros. also filed a joint answer, and alleged that the note was wholly without consideration; that they executed the same as an accommodation to Exum, with the understanding that they should not at any time be required to pay more than their proportional part of the note, which they alleged was $119.85 each; that they had paid said amounts to the bank at Shamrock while the note was in the hands of the bank, and were therefore not liable.

By supplemental petition plaintiff replied to the answers of the four defendants Mayfield, Stevens, Bowers, and Burrow, by general demurrer, and by special exceptions to the plea of failure of consideration, because it appeared on its face that the defendants had received the consideration which consisted of gratifying their sympathy in the prosecution of Sammons.   He further excepted to that part of the pleading which alleged that the defendants would be liable only for certain amounts less than the face of the note, because its effect was to contradict the written terms of the contract as evidenced by the note.   Special exception was also urged to that part of the answer which alleged an agreement to secure other and additional names, in that it failed to set out the names of the parties who were to be secured, and was uncertain.   The supplemental petition further replied to said answer alleging that the defendants were guilty of laches, and had waived their right to all defenses, because almost four years had elapsed since they had executed the note, and by their failure to object to the note as a liability against them, or demand its return during that period, and that they had merely asked for time and secured extensions of time for payment, and had not disclaimed liability.

By supplemental petition, in reply to the an-

swer of the Wischaempers, plaintiff demurred generally and specially, upon the ground that the agreements alleged by the Wischaempers that they should be liable for only a part of the note, because it was an attempt to vary the terms thereof by parol. Plaintiff also set up a waiver of defenses by a lapse of four years, and the further fact that they had obtained extensions of time.

The case was submitted to a jury upon special issues, the findings being, in effect, as follows: That there was a consideration for the execution of the note sued upon; that as to each of the seven defendants, there was an agreement with the plaintiff that each defendant would be liable for a specified amount, and that each had agreed to pay as follows: Stevens, $50; Mayfield, $50; Bowers, $50; Burrow, $20; O'Gorman, $119.85; and each of the Wischaempers, $119.85. Then the court instructed the jury, peremptorily, to find for the defendant Edgar Wischaemper. Judgment was rendered upon this verdict against each of the defendants Mayfield, Stevens, Bowers, and Burrow, for the respective amounts found against them; that plaintiff should take nothing against either of the Wischaempers or O'Gorman.

[1, 2] The contention of the defendants in this case is that in executing the note they were simply accommodation makers for appellant Exum, and because their testimony shows that they had no interest in the result of the prosecution of Sammons for murder and received no part of the proceeds of the note, they cannot be held liable. An "accommodation party" is defined by the Negotiable Instruments Law as one who has signed the instrument as a maker without receiving value therefor and for the purpose of lending his name to some other person.

In Commonwealth National Bank of Dallas v. Goldstein (Tex. Civ. App.) 261 S. W. 538, Judge Vaughan says:

"To constitute one an 'accommodation maker,' he must not be the recipient of any consideration, as the very term implies an act without any consideration valuable in law moving to the party, thus lending the use of his credit to another, but, to the contrary, that it is purely an act void of present or anticipated personal profit, gain, or advantage, viz. an act to oblige, the performance of an unselfish and friendly service for another, without receiving or expecting a quid pro quo. * * * Accommodation paper is a bill or note to which the acceptor, drawer, maker, or indorser, as the case may be, has put his name without consideration for the purpose of accommodating by loan of his credit some other person, who is to provide for payment of the bill or note when it falls due."

When tested by this rule, we think it is clear that the defendants in this case are not accommodation makers of the note. The finding of the jury as to each of them is that there was a consideration for their execution of the note, and we think the finding is supported, not only by the evidence, but by the practical construction of the contract by the parties themselves. It is clear from the pleadings that each of the defendants considered himself liable for a certain part of the note. The Wischaempers and O'Gorman paid their pro rata part due from them respectively, while the note was still held by the bank as collateral, and the other four defendants not only alleged, but testified that they were liable for only certain amounts. This is wholly inconsistent with the contention that they executed the note solely as an accommodation to Exum. 8 C. J. 252, note 52, subd. (e); Vitkovitch v. Kleinecke, 33 Tex. Civ. App. 20, 75 S. W. 544; Magill v. McCamley (Tex. Civ. App.) 182 S. W. 22.

Exum testified that the note was made in order to enable him to secure $1,000 from the bank to hire an attorney to assist the state in prosecuting Sammons; that he was not able to pay the entire $1,000 himself and called upon the defendants to assist him by the execution of the note, and the jury seems to have believed that much of his testimony and to have adopted the practical construction placed upon the contract by the defendants in paying certain portions thereof. We think the court erred in directing a verdict for the Wischaempers and O'Gorman.

[3] The next question raised under several propositions is whether the defendant could plead and prove the contemporaneous oral agreement under which each of them should become liable for only a certain amount of the note specified at the time they each executed it. The note upon its face is the joint and several obligation of the defendants. Canadian Long Distance Telephone Co. v. Seiber (Tex. Civ. App.) 159 S. W. 897; Dolinski v. First National Bank of Pittsburg (Tex. Civ. App.) 122 S. W. 276. Parol evidence is not admissible in favor of a joint and several maker of a note to show an understanding at the time he signed it that he was liable for only a part thereof, in the absence of a plea by the defendant of fraud, accident, or mistake in its execution. Parker v. Mayes, 85 S. C. 419, 67 S. E. 559, 137 Am. St. Rep. 912; Clark v. Gramling, 54 Ark. 525, 16 S. W. 475; Dan. Neg. Inst. (6th Ed.) § 81c.

[4] Some of the defendants pleaded that they had an understanding with Exum that he was to procure the signatures of additional parties to the note before it should become valid and binding. This plea was excepted to specially upon the ground that the names of the additional parties were not stated in the answer. Such fact pleaded as a defense is a condition precedent to the note becoming a binding obligation; but the rules of good pleading demand that the names of the additional parties should be stated. We think this exception should have been sustained. Parker v. Naylor (Tex. Civ. App.) 151 S. W. 1096;

Merchants' National Bank v. McAnulty (Tex. Civ. App.) 31 S. W. 1091.

For the reasons stated, the judgment is reversed, and the cause is remanded.