MEMORANDUM OPINION

No. 04-06-00249-CV

 

Floriberto RUBIO, Sr., et al.,

Appellants

v.

Junji H. HIGUCHI, M.D.,

Appellee

From the 73rd Judicial District Court, Bexar County, Texas

Trial Court No. 2006-CI-04593

Honorable Andy Mireles , Judge Presiding




Opinion by: Alma L. López, Chief Justice



Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Karen Angelini, Justice



Delivered and Filed: December 6, 2006



AFFIRMED



 Floriberto Rubio, Sr. and several of his family members (collectively "Rubio") filed a medical malpractice suit against Dr.
Junji H. Higuchi. Higuchi filed a motion to dismiss based on Rubio's failure to provide an expert report. The trial court
granted the motion. On appeal, Rubio contends that the trial court erred in dismissing the case because Rubio's expert
report was timely served. We affirm the trial court's order dismissing the case.

Background

 On October 20, 2005, Rubio filed his Original Petition with the clerk of the trial court. The petition was unsigned. After
Rubio became aware of the missing signature, he filed a signed petition, his "First Amended Petition," on October 25, 2005. 
On February 21, 2006, Rubio served Higuchi with an expert report. On March 15, 2006, Higuchi filed a motion to dismiss
on the ground that Rubio failed to provide an expert report within 120 days of filing his original petition. The trial court
granted Higuchi's motion to dismiss. 

Discussion 

 Rubio contends that his expert report was timely filed under section 74.351 of the Texas Civil Practice and Remedies Code
and that the trial court therefore erred in dismissing the case. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon
Supp. 2006). Section 74.351(a) states that a party filing a health care liability claim must serve one or more expert reports
on each party or the party's attorney not later than the 120th day after the date the original petition is filed. Id. Rubio argues
that his expert report was timely served because it was served within 120 days of filing hisamended petition. He argues that
only his properly signed amended petition could start the running of the 120-day time period because Rule 45(d) of the
Texas Rules of Civil Procedure, which requires that pleadings be signed, renders his unsigned original petition a nullity. 
See Tex. R. Civ. P. 45(d). However, Texas courts have long held that the lack of a signature on a pleading is not fatal to the
pleading and that a properly signed and filed amended pleading dates back to the filing of the unsigned original pleading. 
See W.C. Turnbow Petroleum Corp. v. Fulton, 194 S.W.2d 256, 257 (Tex. 1946) (stating that trial court not justified in
treating pleading as nullity merely because counsel failed to sign it); In re Estate of Herring, 970 S.W.2d 583, 588 (Tex.
App.-Corpus Christi 1998, no pet.) (same); Vitkovitch v. Kleinecke, 33 Tex. Civ. App. 20, 22, 75 S.W. 544, 545 (1903)
(holding that when plaintiff filed properly signed amended petition after filing unsigned original petition, amended petition
dated back to date of unsigned original petition). Accordingly, Rubio was required to file his expert report within 120 days
of filing his original petition. Because he failed to timely file the expert report, the trial court properly dismissed the
underlying case. 

Conclusion

 The order of the trial court is affirmed. 

 Alma L. López, Chief Justice