

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00621-CV

Donald **LEMPAR**,
Appellant[1]

v.

Patrick **BALLANTYNE**, Cynthia Orr, and Goldstein & Orr, PLLC,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI05174
Honorable Angelica Jimenez, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: December 27, 2023

AFFIRMED

After his habeas appeal was unsuccessful, Appellant Donald Lempar sued the attorneys

who represented him, Patrick Ballantyne and Cynthia Orr, and Orr's law firm.[2]  They moved to

dismiss Donald's claims under Rule 91a of the Texas Rules of Civil Procedure for failing to state

[1] The styles in the trial court's orders granting the Rule 91a motions list Donald and Dennis Lempar as plaintiffs.  Only Donald, acting pro se, filed a notice of appeal; he is the only appellant.  *See* TEX. R. APP. P. 9.1(b); *Veal v. Nationstar Mortgage, LLC*, 463 S.W.3d 242, 243 (Tex. App.—Dallas 2015, no pet.).
[2] Goldstein & Orr, PLLC, previously Goldstein, Goldstein, & Hilley, LLP.

a claim on which relief could be granted. The trial court dismissed Donald's causes of action. Donald appeals.

## BACKGROUND

In June 2004, Appellant Donald Lempar was convicted by a Bexar County jury of two counts of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact. The jury sentenced Donald to fifteen years of imprisonment for the first two counts and five years of imprisonment for the second two counts, with the four sentences to run concurrently. Donald's direct appeal was denied, and his petition for discretionary review was refused.[3]

In September of 2006, Donald (through his father, Dennis Lempar) hired Orr's law firm to pursue postconviction relief through a writ of habeas corpus. At that time, Ballantyne was of-counsel to the firm and was a party to the representation agreement. In May of 2008, Ballantyne left the law firm to work at the Bexar County Criminal District Attorney's Office. Orr and her law firm continued to pursue postconviction habeas relief for Donald, but their efforts were unsuccessful. The Court of Criminal Appeals denied Donald's application for writ of habeas corpus on March 18, 2020. Separately, Donald filed a petition for federal habeas corpus relief challenging the constitutionality of his state court convictions, which was denied because he was no longer in custody.

On March 21, 2022, Donald sued Ballantyne, Orr, and Orr's law firm.[4] He listed legal negligence, malpractice, and breach of fiduciary duty as his causes of action. Donald alleged, inter alia, that his state habeas claim was neglected by Orr and Orr's law firm (collectively Orr) after

---

[3] *See Lempar v. State*, 191 S.W.3d 230, 241 (Tex. App.—San Antonio 2005, pet. ref'd).
[4] In the original petition, Donald and Dennis are identified as plaintiffs, but neither is a lawyer. The only person who signed the petition was Donald, acting pro se. *See* TEX. R. CIV. P. 57; *Hogan v. Zoanni*, 627 S.W.3d 163, 171 (Tex. 2021); *Gonzalez v. Abigail*, No. 05-21-00474-CV, 2023 WL 2422486, at *3 (Tex. App.—Dallas Mar. 9, 2023, no pet.) (mem. op.).

Ballantyne left to work at the prosecutor's office. Donald stated in his petition that, after years of neglect, Orr would not respond to his calls. Donald complained that Orr's delays exhausted his time to complete a federal habeas claim before his sentence was served. He accused Orr of legal negligence and malpractice, and he accused Ballantyne of legal negligence and breach of fiduciary duty.

Both Ballantyne and Orr moved to dismiss Donald's claims. Ballantyne argued that Donald's claims failed under the *Peeler* doctrine, which bars the claims of non-exonerated plaintiffs against criminal counsel, including habeas counsel and including claims such as legal malpractice, professional negligence, and breach of fiduciary duty. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 500 (Tex. 1995). Ballantyne also argued that Donald's claims were barred by the attorney immunity doctrine. He requested attorney's fees and dismissal of Donald's claims. Orr cited *Peeler* and the attorney immunity doctrine. She also argued that Dennis had no standing to sue her, and she requested attorney's fees and dismissal of Donald's claims.

Without awarding attorney's fees, the trial court granted the defendants' motions and dismissed Donald's claims with prejudice. This appeal followed.

### STANDARD OF REVIEW

"We review the merits of a Rule 91a motion de novo." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). Under Rule 91a, we consider whether the pleadings, liberally construed, allege sufficient facts to affirmatively demonstrate that the pleader is entitled to the relief requested. *Id*. at 724–25. This determination is made without considering evidence. *Wooley*, 447 S.W.3d at 80 (citing TEX. R. CIV. P. 91a.6). "We look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied." *Cooper v. Trent*, 551 S.W.3d 325, 329 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citing *Estate of*

*Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.)); *Wooley*, 447 S.W.3d at 76).

**RULE 91A DISMISSAL AND THE *PEELER* DOCTRINE**

**A.      Parties' Arguments**

Donald argues that the trial court should not have dismissed his suit against Ballantyne and Orr after his habeas appeal failed, especially considering that the defendants also owed Dennis a fiduciary duty.  He insists that the trial court misapplied *Peeler*.  *See Peeler*, 909 S.W.2d at 499 (holding that "[b]arring convicts from suing their attorneys for malpractice related to their convictions" is constitutional).

Ballantyne and Orr argue that *Peeler* was properly applied and that the trial court acted within its discretion when it dismissed Donald's suit.

**B.      Law**

Rule 91a of the Texas Rules of Civil Procedure "authoriz[es] dismissal of a cause of action that has no basis in law or fact."  *Sanchez*, 494 S.W.3d at 724 (citing TEX. R. CIV. P. 91a).  For habeas defendants who seek to sue their counsel, this means that their suit is subject to dismissal if they fail to obtain "a finding of their innocence as a predicate to the submission of their legal-malpractice claim."  *Gray v. Skelton*, 595 S.W.3d 633, 639 (Tex. 2020).  This is because a plaintiff in a legal malpractice suit must show that the attorney's breach of duty was the proximate cause of their injuries.  *See Peeler*, 909 S.W.2d at 498.  But a habeas defendant's injury, i.e., that he remains in custody, was proximately caused by his criminal actions, as proven by the evidence that led to his conviction.  *See id*.  Courts are reticent to allow civil recovery for convicts, because the opportunity to shift punishment away from the convict and onto the attorney "drastically diminishes the consequences of the convicts' criminal conduct and seriously undermines our

system of criminal justice." *Id*. (citing *Shaw v. Alaska*, 861 P.2d 566, 572 (Alaska 1993)). As a result, convicts are barred from suing their former attorneys for malpractice. *See id*.

There is a limit to the *Peeler* doctrine's bar against civil suits for unsuccessful criminal representation, but it is not based on the client's dissatisfaction with the attorney's work or the circumstances around the work. *See Gonyea v. Scott*, 541 S.W.3d 238, 247 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). Rather, a convict may sue for a failure to provide representation. *See id.* (requiring some evidence of active representation to invoke *Peeler*).

**C.      Analysis**

For Donald, who remains convicted of indecency with a minor, *Peeler* bars his suit unless he received no active representation. *See Gonyea*, 541 S.W.3d at 247. Here, he received the representation he contracted for with Goldstein, Goldstein, and Hilley. In part, he complains that he contracted specifically for Ballantyne to write his appeal, but even assuming that Ballantyne owed Donald a duty to write his appeal, Donald was not harmed, because Orr filed a habeas appeal on his behalf and completed the work that the Lempars contracted for with Orr's law firm. *See id.*

When an attorney ceases working with a firm to work with another firm, the attorney's clients may choose to stay with the firm or the attorney (if possible) or choose another firm entirely. *See, e.g.*, TEX. DISCIPLINARY RULES PROF'L CONDUCT 1.15(d), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon Supp. 2023) (Tex. State Bar. R. art. X, § 9); *Orso v. Saccomanno & Clegg*, No. 14-95-00170-CV, 1996 WL 528965, at *4 (Tex. App.—Houston [14th Dist.] Sept. 19, 1996, writ denied) (mem. op.); ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 489 (2019) (discussing obligations related to notice when lawyers change firms). The record does not show how Ballantyne and Orr executed the transition and notification to clients, but Orr's continued representation of Donald was one possible and appropriate outcome. *See Orso*, 1996 WL 528965, at *4. For this appeal, we consider that Donald received active

representation, and we apply *Peeler*. *See Peeler*, 909 S.W.2d at 498; *Gonyea*, 541 S.W.3d at 247; *Wooley*, 447 S.W.3d at 78. This is true despite Donald's insistence that *Peeler* does not apply to breach of fiduciary duty claims, because the complaint, at its base, is that Donald is unsatisfied with his habeas appeal. *See Peeler*, 909 S.W.2d at 498. Whether Donald refers to his complaint as a breach of fiduciary duty or legal negligence is a distinction without a difference in this case. *See Wooley*, 447 S.W.3d at 78. We conclude that Donald's case is not analogous to *Gonyea* because he was represented by Orr in his habeas appeal. *See Gonyea*, 541 S.W.3d at 247. We overrule Donald's first issue and next consider his complaint that the trial court should have included Dennis as a plaintiff to the underlying suit, despite his failure to sign the original petition.

### PLAINTIFFS TO THE UNDERLYING SUIT

#### A. Parties' Arguments

Donald argues that the trial court should have notified Dennis of his missing signature on the original petition and given him an opportunity to amend it. Orr argues that the trial court had no duty to permit Dennis to sign the original petition after he failed to do so, and she argues that the clerk did not have the authority to identify the omission as a defect to Donald. Ballantyne, like Orr, argues that neither the trial court nor the court clerk had a duty to assist Donald or permit Dennis to sign the original petition after the suit was filed.

#### B. Law

"A party to a suit, or his lawyer, must sign his petition." TEX. R. CIV. P. 57; *Hogan v. Zoanni*, 627 S.W.3d 163, 171 n.1 (Tex. 2021). "[T]he lack of a signature on a pleading is not fatal to the pleading." *Rubio v. Higuchi*, No. 04-06-00249-CV, 2006 WL 3497310, at *1 (Tex. App.—San Antonio Dec. 6, 2006, pet. denied) (mem. op.) (citing *W.C. Turnbow Petroleum Corp. v. Fulton*, 194 S.W.2d 256, 257 (Tex. 1946)); *accord Boren v. Billington*, 18 S.W. 101 (Tex. 1891). But an unsigned petition must be amended. *See Rubio*, 2006 WL 3497310, at *1 (citing *Vitkovitch*

*v. Kleinecke*, 75 S.W. 544, 545 (Tex. App. 1903, no writ)); *Boren*, 18 S.W. at 101. When a party must sign a petition, for example, to be added as a plaintiff, the trial court should allow the amendment if it effects no surprise on the opposing party. TEX. R. CIV. P. 63; *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990); *Landa v. Rogers*, No. 03-21-00097-CV, 2023 WL 2697880, at *4 (Tex. App.—Austin Mar. 30, 2023, no pet.) (mem. op.). But it is not the trial court's duty to assist. *See Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied) ("[A] pro se litigant is still required to follow the same rules and laws as litigants represented by a licensed attorney."); *Landa*, 2023 WL 2697880, at *4.

## C. Analysis

To be considered as a plaintiff, Dennis was required to sign a petition in the trial court, which he did not do. *See* TEX. R. CIV. P. 57. Donald now claims that he requested to amend his petition with Dennis's signature, citing his response to Orr's motion to dismiss. However, Donald's response to Orr's motion to dismiss contains no request to amend the petition with Dennis's signature and no proposed amendment. Instead, Donald wrote that the trial court should notify him if he needed to amend his pleadings, which it was not the trial court's duty to do. *See Drum*, 299 S.W.3d at 364; *Landa*, 2023 WL 2697880, at *4. We overrule Donald's second point of error and move on to his complaint that the trial court improperly dismissed his suit without investigating Ballantyne's service of pleadings, despite Donald's filing a motion to strike Ballantyne's motion to dismiss and a motion for default judgment due to lack of service.

### ALLEGED FAILURE TO INVESTIGATE SERVICE OF BALLANTYNE'S PLEADINGS ON LEMPAR

## A. Parties' Arguments

Donald argues that the trial court had a duty under Rule 21 of the Texas Rules of Civil Procedure to investigate Ballantyne's service of pleadings after Donald complained that he received no pleadings from Ballantyne. Orr argues that the trial court committed no error because

Donald never set his motion concerning Ballantyne's service for hearing. Ballantyne argues that the record shows his pleadings were properly served on Donald, that Donald never set his motion regarding service for hearing, and that Donald showed no harm.

**B.     Law**

Rule 21 of the Texas Rules of Civil Procedure requires, in part, that a true copy of "[e]very pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request" be served on all parties once it is filed with the court. *See* TEX. R. CIV. P. 21(a); *Salinas v. Charlie Ray James Invs., LLC*, No. 13-20-00256-CV, 2022 WL 710082, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2022, no pet.) (mem. op.).

If a party does not receive service of a document, he may lodge his objection with the trial court and present evidence to rebut a presumption of service. *See Stettner*, 611 S.W.3d at 106; *Johnson v. Harris Cnty.*, 610 S.W.3d 591, 595 (Tex. App.—Houston [14th Dist.] 2020, no pet.). To preserve such a complaint for appeal, he must obtain a ruling from the trial court or object to the trial court's refusal to rule, or the issue is waived. *See* TEX. R. APP. P. 33.1; *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224 (Tex. App.—Dallas 2008, pet. struck); *accord In re R.A.*, 417 S.W.3d 569, 581 (Tex. App.—El Paso 2013, no pet.).

**C.     Analysis**

On May 20, 2022, Ballantyne filed an original answer and a motion to dismiss Donald's claims, and he served it on Dennis's email address. On May 26, 2022, Donald filed a motion to strike Ballantyne's pleadings and a motion for default judgment against Ballantyne, arguing that he saw Ballantyne's pleadings listed on the court's docket but had not received copies of them. Donald did not set his motions for a hearing.

The next court hearing occurred on June 20, 2022, for the trial court to consider the defendants' motions to dismiss. Donald did not mention his motion to strike or his motion for

default judgment against Ballantyne. He stated to the trial court that "Mr. Ballantyne has not provided any of his pleadings to the plaintiffs, his answer to the complaint, his motion to dismiss." But this statement was in support of his objection that Ballantyne was present at the hearing since the hearing was set for Orr's motion to dismiss. Donald stated, "There's two separate motions to dismiss. [Ballantyne] filed a motion to dismiss which was separate from the defendant Orr and Goldstein & Orr's motion to dismiss, and only one of the motions was set on the record. So I just want to bring that to the court's attention."

The trial court asked Ballantyne when he filed his motion to dismiss and whether he served the self-represented plaintiffs. Ballantyne responded that he filed his motion on May 20 and that he served the plaintiffs through electronic filing. The trial court responded, "All right. Then we will proceed on all matters." Donald said nothing further about his motions or the service of Ballantyne's pleadings. We conclude that Donald has waived the issue. *See* TEX. R. APP. P. 33.1; *Hightower*, 251 S.W.3d at 224. We next consider Donald's complaint that the trial court erroneously permitted Ballantyne to attend the dismissal hearing after Ballantyne filed a late notice of his intent to participate.

### ALLEGED ERROR IN ALLOWING BALLANTYNE TO ATTEND HEARING WITHOUT MANDATORY NOTICE

#### A.     Parties' Arguments

Donald cites Texas Rule of Civil Procedure 91a.6 to argue that the trial court committed reversible error by allowing Ballantyne to attend the hearing scheduled for Orr's motion to dismiss and present his argument in favor of dismissal after failing to timely file his own notice of hearing. Both Orr and Ballantyne argue that Donald did not preserve this complaint for appeal. Ballantyne also argues that the claim does not present any reversible error.

**B.      Law**

Rule 91a.6 of the Texas Rules of Civil Procedure states, in part, that "[e]ach party is entitled to at least 14 days' notice of the hearing on the motion to dismiss." TEX. R. CIV. P. 91a; *Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.). "When an appellant alleges there is error due to the lack of sufficient notice, the appellant must provide a record that 'affirmatively show[s] appellant did not receive notice of the . . . hearing.'" *Odam*, 2017 WL 3634274, at *4 (quoting *Belohlavy v. Belohlavy*, No. 05–98–02096–CV, 2001 WL 804507, at *3 (Tex. App.—Dallas July 18, 2001, no pet.) (mem. op.). "To preserve a notice complaint, a party must bring the lack of adequate notice to the trial court's attention at the hearing and object to the hearing going forward or move for a continuance." *Id*. (quoting *In re K.C.*, No. 02–08–00023–CV, 2008 WL 4180335, at *1 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op.)). "If a party receives notice that is untimely but is sufficient to enable the party to attend the hearing, the party must file a motion for continuance or raise the complaint of late notice before the trial court during the hearing." *Id*. If a party preserves its complaint of late notice for appeal, then the party must also be able to show on appeal that harm resulted. *See* TEX. R. APP. P. 44.1; *Davis v. Kaufman Cnty.*, 195 S.W.3d 847, 852 (Tex. App.—Dallas 2006, no pet.).

**C.      Analysis**

Here, Donald objected to Ballantyne's late notice of his intention to participate in the hearing scheduled for Orr's motion to dismiss. *See In re K.C.*, 2008 WL 4180335, at *1. But even assuming Ballantyne owed Donald a duty of fourteen days' notice that he planned to participate in the dismissal hearing, Donald admitted that he was aware of Ballantyne's motion to dismiss on May 26, 2022—twenty-six days before the dismissal hearing. Donald also admitted he received Orr's motion to dismiss, which was substantially similar to Ballantyne's motion to dismiss. In

fact, at the dismissal hearing, Ballantyne's argument leaned heavily on Orr's presentation: "I'm very blessed to be able to piggyback on the arguments of such able attorneys so that's what I'm going to do." Ballantyne's only addition was to argue that Donald's breach of fiduciary duty claim against him was indistinguishable from legal malpractice claims or breach of contract claims under *Peeler*. Donald argued his response but provided no comment on Ballantyne's legal remark; he simply argued that Ballantyne breached a fiduciary duty as to Dennis. On this record, assuming without deciding that error occurred, we conclude that Donald has not demonstrated harm. *See* TEX. R. APP. P. 44.1. We now consider Donald's final issue—that the trial court improperly failed to provide findings of facts and conclusions of law upon Donald's request.

### ALLEGED ABUSE OF DISCRETION IN FAILING TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER RULE 91A DISMISSAL

#### A. Parties' Arguments

Donald cites Rule 297 of the Texas Rules of Civil Procedure to argue that the trial court committed reversible error by failing to file findings of fact and conclusions of law after he requested them. Both Ballantyne and Orr argue that Rule 297 does not apply to the trial court's ruling on a Rule 91a motion to dismiss. They also both argue that Donald has not demonstrated reversible harm under Texas Rule of Appellate Procedure 44.1.

#### B. Law

A trial court rules on a Rule 91a motion to dismiss based upon the pleading of the causes of action, and the plaintiff's allegations are taken as true in its consideration. *See* TEX. R. CIV. P. 91a; *Cooper v. Trent*, 551 S.W.3d 325, 331 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Sandles v. Fid. Nat'l Fin., Inc.*, No. 14-22-00462-CV, 2023 WL 5286962, at *4 (Tex. App.—Houston [14th Dist.] Aug. 17, 2023, pet. denied) (mem. op.). "Because the trial court decides a Rule 91a motion to dismiss based upon the pleading of the causes of action, findings of fact and

conclusions of law are neither required nor appropriate." *Harpole v. Rains Cnty. Appraisal Dist.*, No. 12-22-00221-CV, 2023 WL 3510829, at *6 (Tex. App.—Tyler May 17, 2023, no pet.) (mem. op.) (citing *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997)).

## C.    Analysis

Although Donald requested findings of fact and conclusions of law, the trial court ruled on the Rule 91a motions as a matter of law. *See* TEX. R. CIV. P. 91a. Findings and conclusions should not have been requested or made, and the trial court did not err by declining to provide them. *See Cooper*, 551 S.W.3d at 329. We overrule Donald's fifth issue.

## CONCLUSION

Based on the above, the trial court did not err in granting Appellees' motions to dismiss and requests for attorney's fees. We affirm the trial court's order.

Patricia O. Alvarez, Justice